EASTERN DIST.
January, 1836.

SEYMOUR
vs.
COOLEY.

---

### SEYMOUR vs. COOLEY.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

The oath of the son, as the agent of the plaintiff, is sufficient to obtain an order of court appointing a curator, ad hoc, to the defendant, in a case where suit is pending.

A curator, ad hoc, is to be appointed to an absentee in a suit which is instituted and pending. The citation, in such a case, must be served on

the curator *ad hoc*, against whom, contradictorily, the proceedings must
be carried on to final judgment.

The 57th article of the Louisiana Code, expressly requires that a suit be first instituted and pending, before the appointment of a curator *ad hoc* is to be made.

The agent who represents his principal in a suit, must have authority to do so, so as to allow all legal proceedings to be carried on contradictorily with him, in order to bind the principal.

The general provisions in the Code of Practice, for the appointment of curators by the Probate Courts, do not repeal the particular one requiring all courts to protect the interests of absentees in suits pending before them, by the appointment of a curator *ad hoc*.

Defects in judicial proceedings, such as want of appearance, judgment by default, or misconduct and neglect of the curator *ad hoc*, &c. can only be remedied by an appeal, and not by action of nullity.

This is an action of nullity, to annul and set aside a former judgment of the same court. In 1823, the present plaintiff recovered a tract of land from the present defendant in the parish of Point Coupée. In September, 1833, the now defendant, Cooley, filed his petition in the District Court for the parish of Point Coupée, claiming three thousand dollars, as the value of the improvements he had put on the land from which he had been evicted by the present plaintiff, Seymour; alleging in his petition, that Seymour was an absentee, residing in England, having no known agent in the state, and praying that a *curator ad hoc*, be appointed to represent and defend him in the suit.

The affidavit under which the judge appointed the curator *ad hoc*, was made by the *son* of the plaintiff in the suit, as his agent, and dated the 12th of September, 1833, four days before filing the petition. The order appointing him, was made on the back of the petition, and before filing it.

Cooley obtained judgment, contradictorily with the curator, *ad hoc*, against Seymour, for the sum of two thousand five hundred dollars, which was signed the 21st May, 1834.

In October, 1834, the present suit was instituted by G. Vance, as agent for Seymour, against the defendant Cooley,

to annul his judgment, and for an injunction in the mean time, to restrain him from executing it.

The petitioner, in this case, alleges he was not legally cited, did not enter appearance, join issue, or had a regular judgment by default taken against him; that Gilbert Vance, a merchant of New-Orleans, was his known agent, and paid the taxes on his lands in Point Coupée, for the years 1831-2-3, which agency was well known to the sheriff of Point Coupée and other notable persons in said parish, and that said agent should have been cited.

He further alleges that he resides in England, and that time was not allowed from the filing of the petition and answer, and putting the cause at issue, to notify him through his agent, or curator ad hoc. The petition was filed the 16th September, 1833, the answer on the 19th November following, and the trial and judgment rendered on the minutes on the 25th of the same month. He prays for the annulment of the judgment, &c.

The defendant excepted to the plaintiffs right of action, and that there was no cause of nullity or grounds for an injunction, shown on the face of the papers. In his answer he pleaded the general denial, and that the plaintiff was an absentee, without a legal agent in the state to represent him; that the curator ad hoc, was properly appointed to represent him, who was duly cited and contested the case until judgment rendered.

Upon these issues, the parties went to trial.

Gilbert Vance, a witness for the plaintiff, says, he was since the month of June, 1830, and still is, the agent of Mr. Seymour, and has paid the taxes on his lands in Point Coupee for the years 1830-1-2 and '3. That he was not cited in the suit of Cooley against Seymour, and knew nothing of it, either from the curator ad hoc, or any other person, until judgment was rendered. The treasurer's receipts for the taxes paid by Vance, were also produced.

The sheriff of the parish stated, that if he had been asked, in the case of Cooley vs. Seymour, or "if he had been called upon

*in that case to say who was the agent of Seymour, he would have said he believed Vance to be the agent."*

Other residents of the parish testified to their belief, that Vance was the agent of Seymour, when the suit of Cooley against Seymour was instituted.

The district judge who tried the cause, remarked that the testimony of the witnesses adduced by the plaintiff in support of his allegations, was vague and unsatisfactory, and failed to make out any one of them.    He attempts to show the appointment of the curator *ad hoc*, was irregular and illegal, on the ground that he had a known agent in the state. The article, 57 of the *Louisiana Code*, and 116 of the *Code of Practice*, provide for the appointment of a curator *ad hoc*, by the judge before whom the suit is brought, when the proof is insufficient to show the defendant had any known agent in the state.

Judgment was rendered in favor of the defendant.    The plaintiff appealed.

*Mitchell*, for the plaintiff, contended that the appointment of a curator *ad hoc*, was not properly made in this case, in the manner pointed out by law.

2. It should have been shown to the judge, that Seymour was an absentee and had no known agent in the state, before he appointed a curator *ad hoc*; and also, that no curator for the administration of his property was appointed.    *Louisiana Code, article 57.*

3. This should have been shown by the return of the sheriff, from which it would appear Seymour was an absentee. 6 *Martin, N. S.* 15.

4. The appointment of the curator *ad hoc*, was illegally made on the oath of T. J. Cooley, the son of the plaintiff, who alone declared that Seymour was an absentee, in which case a curator was to be appointed.

5. The order of the judge making the appointment, is illegal, being without date, written on the back of the petition before it was filed.    If made before suit was instituted, it

EASTERN DIST. was too soon; because a curator *ad hoc*, to an absentee who
January, 1836. has no known agent, *must be made by the judge before whom*
SEYMOUR *suit is pending.    Suit must first be instituted and pending.*
vs.
COOLEY. *Louisiana Code*, 57.    *Code of Practice*, 195.

6. We contend that Seymour had a known agent here
when the curator *ad hoc*, was appointed, to wit, Vance; and
that the law authorises such appointment only where there
is no known agent in the state.    The evidence is full to this
point, that there was an agent.    *Louisiana Code*, 57.

*Cooley*, for defendant.

1. The appointment of the curator *ad hoc*, to defend the
suit against Seymour, was properly made.    The law expressly
requires this appointment when the suit is commenced, as it
is then pending.    A curator *ad hoc* must be named to defend,
when the defendant is absent and has no known agent in the
state, or person appointed to administer his property. *Louisiana
Code*, 57.

2. The very object of the above named provision in the
Code, was to enable the creditor to obtain a valid judgment
against an absentee, by having a *defensor* appointed.    An
agent whose powers are limited or specific, and who had no
authority to defend the absentee in court, could not be legally
cited, was no legal obstacle to the appointment of a *curator
ad hoc;* on the contrary, rendered such appointment necessary.

3. An attorney in fact, with limited or special powers,
which do not include that of defending his principal in court,
is not such an agent as that referred to.    A person, except
licensed attorneys, cannot defend another in court, without
an express and specific power to that effect.    *Partidas* 3, *title*
5, *laws* 10, 14, 15 *et seq.*    8 *Louisiana Reports*, 112.

4. The agent must not only be authorised to defend his
principal in court, but must be known generally and publicly
as such.    The mere existence of an agent, who was unknown
to the court, would not incapacitate it from naming a *defensor*,
a curator *ad hoc.*

5. In this case, there is no legal proof of the existence of
an agent, on the part of the plaintiff; or of his having the

powers requisite to defend his principal in court, or that such
agent was publicly known.

6. The only proof, if any, is by the testimony of Vance,
the pretended agent. A power of attorney may be given
either by public or private act, or in writing, even by letter;
but if given verbally, testimonial proof of it can only be
*admitted* conformably to the title of conventional obligations;
but *there* we find no proof of a mandate or manner of proving
a power of attorney.

7. Mr. Vance has no where stated what his powers were,
but that he was agent. The plaintiff was bound to show
the agent was fully authorised to act in this case. He has
not done so; this action cannot, therefore, be sustained, as
the first one was legal.

*Martin, J.*, delivered the opinion of the court.

This is an action of nullity, instituted by the plaintiff to
annul and set aside a judgment rendered against him, on the
alleged ground that he had never been legally cited; and that
no appearance or judgment by default, had been previously
had or taken in the case. There was a judgment pronounced
against him, from which he has appealed to this court.

The suit in which the judgment sought to be annulled was
given, was instituted under the 57th article of the Louisiana
Code, on the suggestion that the defendant was an absentee,
and had no known agent in the state, and that no curator
had been appointed to his estate, to represent him as an
absent defendant. A curator *ad hoc* was accordingly
appointed by the court in which the suit was pending,
contradictorily with whom, the suit was proceeded in until
final judgment.

The counsel for the appellant, in this case, has contended
in argument, that the judgment ought to have been annulled,
because the suggestion on which the court acted, in appointing
the curator *ad hoc*, was not otherwise verified than by the
oath of the son of the plaintiff.

2. Because at the time of the appointment of the curator
*ad hoc*, there was no suit pending.

The oath of the son, as the agent of the plaintiff, is sufficient to obtain an order of court appointing a curator *ad hoc* to the defendant in a case where suit is pending.

A curator *ad hoc* is to be appointed to an absentee, in a suit which is instituted and pending. The citation in such a case, must be served on the curator *ad hoc*, against whom, contradictorily, the proceedings must be carried on to final judgment.

The 57th article of the Louisiana Code, expressly requires that a suit be first instituted and pending, before the appointment of a curator *ad hoc* is to be made.

The agent who represents his principal in a suit, must have authority to do so, so as to allow all legal proceedings to be carried on contradictorily with him, in order to bind the principal.

3. Because the defendant had a known agent in the state at the time.

4. Because the appointment of curators is exclusively vested, by the Code of Practice, in the Courts of Probate.

I. Suggestions on which precautionary measures are obtained at the inception of a suit, such as the arrest of the debtor, the attachment or sequestration of his property and the like, are verified, ordinarily, by the oath of the plaintiff. Where the oath for the appointment of a curator *ad hoc*, and such like conservatory acts, is made by the son of the plaintiff, it cannot be more objectionable than if made by him who is directly a party in interest.

II. The Code directs the appointment of the curator *ad hoc*, if a suit be instituted against an absentee who has no known agent in the state, to be made by the court before which the suit is pending.

As the curator *ad hoc*, is the person against whom the proceedings are to be conducted, contradictorily between him and the plaintiff, it follows as a consequence therefrom, that upon him is the citation to be served; and the construction which would require the previous citation of the party, would be the cursed one, which corrodes and destroys the text.

In the case of an attachment in which proceedings commence against the property of the debtor, he not being present, the citation is first served by advertisement affixed on the court house door; and the law provides for an appointment of an attorney to whom the process is also to be delivered.

If there be any ambiguity in the English part of this article of the Louisiana Code, providing for the appointment of a curator *ad hoc*, the doubts it may create are at once dispelled by a recourse to the French text, which expressly speaks of a suit first instituted and pending, before the appointment is to be made.

III. The judge presiding at the trial of the cause, expressed his opinion that the testimony by which the agency of Vance was attempted to be established, was vague and unsatisfactory. Be that as it may, the nature or character of the

agency was not shown to have been such as to authorise him to represent the principal in the suit, and to allow legal proceedings to be carried on under it, contradictorily with him, so as to bind the principal thereby. We agree with the counsel for the appellee, that the agent of which the Louisiana Code speaks, must be an agent of the latter description.

IV. The general provisions of the Code of Practice for the appointment of a curator by the Court of Probates, does not repeal the particular one which requires all courts to protect the interests of absentees, who may be sued before them, by the appointment of a curator *ad hoc.*

We conclude that the judge who tried the case in the first instance, did not err in refusing to annul the judgment attacked in the action of nullity, on the ground of the want of legal citation.

If a defect in the proceedings, occasioned by the want of an appearance or a judgment by default, entitle the appellant to relief at our hands, he should have sought it by an appeal. The district judge could not reverse his own judgment, on such grounds.

So of the misconduct of the curator *ad hoc,* in his neglect to ask time to consult the appellant whom he was appointed to represent and defend ; this would not entitle the party complaining to a reversal of the judgment, and have the cause remanded. The remedy, in such a case, could only be sought on an appeal.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.