No. 2249.—JOSEPH HERNANDEZ *v.* A. B. JAMES et al.

A judgment rendered out of term time, on a rule taken against a surety on an appeal bond, is null and void, although it be rendered in open court and signed by the judge while on the bench.

Under article 303 of the Code of Practice, an injunction will lie to restrain the enforcement of a judgment that is null and void because it was rendered in vacation or out of term time, and the injunction will continue pending the appeal from such judgment.

As a general rule, an injunction will lie in all cases where the act complained of, if committed, would give rise to an action of damages.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Cooley & Phillips,* for plaintiff and appellant. *P. H. Morgan,* for defendant and appellee.

LUDELING, C. J. A. B. James having obtained a judgment against the testamentary executor of Alex. Gordon et al., the executor took a suspensive appeal to the Supreme Court, and gave bond according to law, with Joseph Hernandez as security. The judgment on appeal was affirmed, property of defendant was seized and sold, and the execution was returned unsatisfied.

A rule was then taken on the surety, Hernandez, to show cause why judgment should not be rendered against him for the remainder of the judgment against the executor of Alex. Gordon. The rule was made returnable on the first of October, 1868.

Hernandez excepted to the proceedings on the ground that the court was in vacation, and could not legally entertain and render judgment on the rule at that time. The exception was overruled, and judgment was rendered against Hernandez for $10,313 03.

Execution having been issued under this judgment, Hernandez obtained an injunction to prevent the sale of his property under the writ, on the ground that the judgment, having been rendered in vacation, was null and void. There was judgment dissolving the injunction, and the plaintiff has appealed

The defendant contends that the plaintiff acquiesced in the judgment by paying a large amount thereof, and therefore he can not appeal from that judgment or enjoin its execution.

The fallacy of this position consists in the assumption that it is a judgment. Whether it is or is not a judgment, is the question for decision. We are of opinion that it is not a judgment; the law did not authorize the rendition of a judgment at the time when it was rendered.

In Simonds & Co. *v.* Leovy et als., 21 An. 306, this court held: "The law maker has been careful to express for what particular proceedings and business the courts shall be open all the year, and the act necessary for making judgments in other matters final, not being mentioned, is excluded."

If the judge was without power to make a judgment final by affix-

ing his signature to the judgment, *a fortiori*, he is powerless to try and decide a case, and sign the judgment.

The judge *a quo* held that, under article 10 of the Constitution, courts must be considered as always open, and that judges had the right and power at any time to open court, hear and decide cases, and sign judgments. Article 10 declares: "All courts shall be open, and every person for injury done him in his land, goods, person or reputation, shall have adequate remedy by due process of law," etc. Open here means the opposite of closed or secret—free of access—and it may also mean that litigants shall have the right, during all the year, to institute suits in the courts. But we think the article is not susceptible of the interpretation placed upon it by the learned judge of the district court.

The defendant also insists that an injunction can only be granted for one of the causes enumerated in the Code, and that the ground alleged in the petition is not enumerated as a cause for injunction in the Code of Practice.

Article 303 declares: "Besides the cases above mentioned, courts of justice may grant injunctions in all other cases where it is necessary to preserve the property in dispute, during the pendency of the action, and to prevent one of the parties, during the continuance of the suit, from dilapidating the same, or from doing some other act injurious to the other party."

"A party may always have an injunction when the act would give a claim for damages." ' 5 N. S. 501,' Carraby et al. *v*. Morgan. Article 10 of the Constitution declares that every one shall have adequate remedy for injury done him in his property or person. C. P. 296.

It is therefore ordered and adjudged that the judgment of the district court be avoided and reversed, and that the injunction be perpetuated. It is further ordered that the defendant pay costs of both courts.

Rehearing refused.

Messrs. Justices Howe and Howell dissent in this case, for reasons to be filed.

---

Howe, J., *dissenting*. *First*—I do not understand how it can be maintained that the judgment sought to be annulled in this case is not a judgment. The plaintiff, in his petition, calls it a judgment, and his principal prayer is as follows (Record, p. 6):

"Therefore petitioner prays that said A. B. James be cited to answer this petition, and that after due proceedings it be ordered, adjudged and decreed that the judgment rendered in favor of said A. B. James and against petitioner, in the case of A. B. James against

Fellowes & Co., No. 17,054 of the docket of this court, be decreed to be null and void and of no effect," etc.

This judgment was rendered and signed by a competent judge, sitting on his bench, with a clerk and sheriff and in open court. The plaintiff admits (also in his petition) that the court was open for some purposes, as for the trial of interlocutory orders, and for the trial of certain suits (landlords'), and the rendering of final judgments therein. Record, p. 5. The court being open for some purposes, and especially for the rendering of some final judgments, how can it be said that the judgment against Hernandez, which he admits to be a judgment, is no judgment? It may be a judgment tainted with an irregularity, but irregularity is one thing, and nonentity is another.

*Second*—Assuming, then, that this is a judgment, the plaintiff has acquiesced in it by the payment, after long negotiation, of $7000 on account. He does not pretend that he does not owe the rest of the principal. The dispute is about a difference between five and ei ht per cent. interest. The judgment, being acquiesced in, can not be the subject of any remedial action. The courts have business enough on hand without spending their time in reopening such cicatrized wounds. See Abbott *v.* Wilbur, 22 An. 368, and cases there cited on this point.

*Third*—The alleged nullity in this case is one of form, as distinguished from those nullities which pertain to the merits of the case. C. P.

In Blank *v.* Speckman, lately decided, 23 An. 146, we held that a judgment could not be annulled for any vice of form save those catalogued in C. P. 606. This case is not in this category, and therefore no action of nullity lies. The proper remedy is by appeal. 9 La. 79; 9 An. 197; 9 An. 428; 10 An. 641; 14 An. 656.

*Fourth*—No injunction could be lawfully issued in this case, the remedy by suspensive appeal being exclusive and ample. The case of Conoly *v.* Morgan, 5 N. S. 501, is not opposed to this view. The injury arrested in that case is distinctly mentioned in C. P., article 298. The statement in that case is that "a party may always claim the aid of the laws of his country to prevent a wrong which, if inflicted, he could claim damages for," is true in a general sense, but if meant to apply to prevention by writ of injunction, was a *dictum*, unnecessary and too broad. Courts do not grant injunctions to prevent apprehended assaults and batteries, though if inflicted they may give a claim for damages. C. P. 303, applies, by its terms, only to property in dispute, and its subsequent general phrases must be limited to such property.

*Fifth*—If the merits of the case be examined, it is by no means clear that there was any error in the judgment. The object of law, its *raison d'etre*, in civil matters, is the speedy collection of debts. Against the surety on an appeal bond, who has helped to delay the creditor for

·some weary years, the law accords a summary remedy by rule—"by mere motion." C. P. 596. The courts of New Orleans, unlike those in the rural parishes, are open every month for motions. The plaintiff admits this in his pleadings. They are open also for some final judgments. He admits this fact in his petition. I do not perceive, then, any harm, but great justice, in giving the judgment as it was given in the district court. Otherwise, if the Supreme Court affirm a judgment at the close of its session, the successful appellee may be obliged to wait nearly six months before he can avail himself of what the law has, I presume, with no intention to be ironical, called a "summary remedy by mere motion."

HOWELL, J.   I concur in the above opinion of Mr. Justice Howe.