## FRANCIS *v.* WELLS.

Under the former system of practice a judgment or decree rendered in vacation is void; where the law does not confer jurisdiction, a stipulation that judgment might be entered in vacation would be unavailing.

*Appeal from District Court of Clear Creek County.*

Mr. L. C. ROCKWELL, for appellant.

Mr. E. T. WELLS, *pro se.*

*Per Curiam.* The decree pursuant to stipulation of parties, upon which was founded an order of court, was rendered in vacation. The cause was pending in the district court of the second judicial district of the late Territory, in and for Clear Creek county. The hearing was had in a different district, at the supreme court chambers, and after the adjournment of the district court for Clear Creek county.

The decree was rendered at neither the time nor place provided by law, nor was it in any sense the act of the court. *Cooper et al.* v. *The American Central Ins. Co.,* 3 Col. 318; *Brumley* v. *The State,* 20 Ark. 77; *Osborne, Ex parte,* 24 id. 479; *Wightman* v. *Karsner,* 20 Ala. 451; *Garlick* v. *Dunn,* 42 id. 464; *Doss* v. *Waggoner,* 3 Tex. 515; *Richardson* v. *Hunter,* 23 La. Ann. 483; *White* v. *Riggs,* 27 Me. 117; *Brown* v. *Compton,* 8 Tenn. 431.

In the case of *Peabody* v. *Thatcher et al.,* 3 Col. 275, Mr.

Justice WELLS, speaking for a majority of the court, asserts the doctrine that the stipulation of parties cannot confer jurisdiction when the law does not give it.

In the cases of *Filley* v. *Cody* (*ante,* p. 109), and *Kirtley and Roberts* v. *Marshall Silver Mining Co.,* (*ante,* p. 111), the identical question before us was determined. It was there held that a judgment or decree rendered in vacation, entered as of term, in the absence of a statute authorizing it, was without validity. Nor is it thought that the order of court by which it was sought to confer jurisdiction upon the judge *in vacation* to hear and determine the cause in a different district was legally effectual for any purpose.

In *Filley* v. *Cody, supra,* the court says under the former system of practice "there was no authority of law for the hearing and judgment in vacation, and the judgment was absolutely void. The agreement by the litigant parties, that the judgment so rendered should be treated (contrary to the fact) as having been rendered and entered as of the trial term, is substantially, notwithstanding the terms in which it is couched, an attempt to confer by consent a jurisdiction which the law did not authorize or afford."

The decree will be reversed without prejudice to the testimony already taken, and the cause remanded for further proceedings.

*Reversed.*