## LAUGHLIN v. PECKHAM ET AL.

1. **Garnishment:** DISCHARGE OF GARNISHEE IN VACATION: AUTHORITY OF CIRCUIT JUDGE. A judge of the circuit court has no authority, in the absence of an agreement, to hear and determine in vacation a motion for the discharge of a garnishee against whom a judgment has been rendered in justice's court, and who has appealed therefrom.

*Appeal from Palo Alto Circuit Court.*

### FRIDAY, APRIL 24.

JUDGMENT having been rendered against the appellant, and the amount in controversy being less than $100, certain questions have been certified for the determination of the supreme court.

*Harrison & Jenswold*, for appellant.

*Geo. E. Clark*, for appellee.

SEEVERS, J.—We are required to answer the following questions: *First.* On appeal by a garnishee from a judgment in garnishment proceedings in a justice's court, can the defendant in the original case, who has not appealed from the proceedings in the justice's court, appear and file his application before the judge of the circuit court to have said garnishment released and discharged, and thereupon have said garnishment discharged? *Second.* Under the facts above stated, is the defendant, Geo. F. Peckham, entitled, upon his application, to have said garnishment proceedings discharged and released by the judge of the circuit court? These questions are preceded by a statement of the facts upon which they are based. Such facts must be considered in the determination of the questions above stated, for the reason that they are embodied in and constitute a part of the certificate of appeal.

The plaintiff obtained a judgment before a justice of the peace, and caused an execution to issue, and garnished the railroad company. It appeared and answered that it was indebted to the defendant, and thereupon judgment was rendered against it, and it appealed therefrom to the circuit court, but the defendant did not appeal. He, however, appeared to the appeal, and filed a motion to discharge the garnishee. This motion was filed, heard and determined in vacation. Now we are asked in substance whether the judge of the court had the power and authority to render a judgment in vacation discharging the garnishee. With a few exceptions, all matters of a judicial character must be heard and determined by the court at a term fixed by and held in accordance with law. The motion under consideration does not constitute one of the exceptions, and therefore both of the foregoing questions must be answered in the negative. Counsel for the appellee contends that the motion was heard and determined without objection by appellant, who appeared before the judge and resisted the motion. The judge who certified the questions to be determined by us could not have believed that there was such a waiver, or he would have framed the questions differently.

Our only province is to ascertain what question has been certified, and determine it.

REVERSED.