STAAB and others v. ATLANTIC & P. R. Co., Garnishee, etc.

Filed January 25, 1836.

1. JUDGMENT IN VACATION—JURISDICTION—STIPULATION.

A stipulation between the parties to a garnishment proceeding, that the "garnishee may have ten days from this date to answer the garnishee summons; that the said answer may be made in vacation; and that the order or judgment of the court necessary to determine the liability of the garnishee upon its answer may be entered upon the record of said court, the same as if all the proceedings had been during the April term of said court; and that either party may take such steps to determine the liability of the garnishee in vacation the same as if the same might or could have been during the term of said court,"—will not have the effect to confer jurisdiction on a court acting thereunder; and a judgment rendered in pursuance thereof, in vacation, is *coram non judice*, and void.

2. APPEAL—FINAL ORDER.

Such a judgment, being void, is not a final order from which an appeal will lie.

*W. H. Whiteman*, for appellees, A. Staab and others.

*Childers & Ferguson* and *W. C. Hazeldine*, for appellant, Atlantic & P. R. Co., Garnishee, etc.

HENDERSON, J. The plaintiffs, Staab & Co., brought an action of *assumpsit* by attachment, in the district court of Valencia county, against Jay Mohr, and had garnishment process served on the Atlantic & Pacific Railroad Company. Counsel for the plaintiffs and the railroad company, on the tenth day of April, 1883, entered into and filed a stipulation in the cause, the substance of which will be stated further on. On the eleventh day of April, 1883, a day of the term of the Valencia district court, judgment by default was taken against Mohr for $1,919.87. The judgment recites the stipulation and approves it. The substance of that agreement is as follows:

"That the said A. & P. Railroad Company, garnishee, may have ten days from this date to answer the garnishee summons; that the said answer may be made in vacation; and that the order or judgment of the court necessary to determine the liability of the garnishee upon its answer may be entered upon the record of said court, the same as if all the proceedings thereon had been during the April term of said court, and that either party may take such steps to determine the liability of the garnishee in vacation, the same as if the same might or could have been during the term of said court: provided, the same shall be done in time so that final order may be made in the premises on or before the fifteenth day of May, 1883, or as soon thereafter as the presiding judge will consent thereto.

[Signed]                              "WHITEMAN & STONE,
                                          "Attorneys for Plaintiffs.
                              "WM. C. HAZELDINE,
                                          "Attorney for Garnishee."

The garnishee answered the interrogatories propounded by plaintiffs, and thereafter, by mutual consent of the parties, the cause, as between the plaintiffs and the garnishee, was transferred to the county of Bernalillo, and docketed in the district court thereof. The amended answer of the garnishee to the interrogatories was not filed until the twelfth day of October, 1883. Exceptions to the answers were filed on the thirty-first day of that month. On the twenty-fifth

day of February, 1884, in vacation of that court, the presiding judge delivered a written opinion, and caused judgment to be entered thereon against the garnishee. It does not purport upon its face to be the judgment of a court at a term lawfully convened.

Section 2193, Comp. Laws, is as follows: "All causes, either in law or equity, finally determined in the district courts may be removed into the supreme court of the territory for review, either by appeal or writ of error." Section 2185 provides that all suits brought in the district courts, that shall have been determined in said courts, may be reviewed, on appeal in this court, upon compliance with certain terms. No question has been made here by either of the parties whether the supposed final judgment in this case is, in contemplation of law, the final judgment of a court, within the meaning of the section of the statute above quoted. This court cannot exercise appellate jurisdiction by appeal or writ of error to review any determination in an inferior tribunal, unless such determination be the final judgment of a court, as prescribed by law. "If the statute requires regular terms to be held for the trial of causes, the court in the intervals between those terms is, for the purpose of conducting trials, in the same condition as though its authority over the case were entirely withdrawn. It is no longer a court. Judicial powers cannot be conferred upon it by consent of the parties; and any judgment rendered upon a trial had in pursuance of such consent is void, and is so wanting in even the color of judicial authority that it will not be reversed upon appeal." *Garlick* v. *Dunn,* 42 Ala. 404; *Brumley* v. *State,* 20 Ark. 77; *Galusha* v. *Butterfield,* 2 Scam. 227; *Ex parte Osborn,* 24 Ark. 479; *Hernandez* v. *James,* 23 La. Ann. 483; *Wicks* v. *Ludwig,* 9 Cal. 175; *Norwood* v. *Kenfield,* 34 Cal. 333; *Doss* v. *Waggoner,* 3 Tex. 515; Freem. Judgm. § 121.

The answers of the railroad company and the exceptions thereto were filed in vacation. We have seen that the supposed final judgment was rendered and entered out of term-time. With the exception of service of process returnable to a term, this entire proceeding began and ended in vacation. The validity of the judgment rests entirely on the stipulation filed in the cause. If that be considered insufficient to confer jurisdiction, the judgment will be void. Terms of courts for the several counties have been provided by statute. These statutes limit the terms to a certain duration. No statutory power has been conferred on the judges to sit in vacation for the purpose of rendering final judgments at law. The agreement of the parties could not confer jurisdiction on the judge to hear and determine this cause in vacation. The proceedings had in the court below being void, it follows that the cause is still pending and undetermined in that court.

The case will be stricken from the docket, and it is so ordered.

LONG, C. J., and BRINKER, J., concur.