LOOKABAUGH V. OKEENE HARDWARE & IMPLEMENT CO.

No. 201.    Opinion Filed January 11, 1910.

(106 Pac. 844.)

**JUDGMENT—Entry—Expiration of Term.** On October 26, 1906, a cause pending in the district court of B. county, G., judge presiding, was submitted to the court for judgment. On the next day said court adjourned until November 19, 1906, and on that day failed to meet and adjourn by operation of law, without fixing by order of adjournment any time to reconvene. On November 20, 1906, in the same district, the district court of G. county convened in regular term, B., judge presiding, and continued in session until December 20th, on which day it adjourned until December 26, 1906. On December 21, 1906, G., as presiding judge of the district court of B. county, without order of the Supreme Court so to do, convened said court and rendered and entered judgment in said cause. **Held,** that the term in which said cause was submitted expired by operation of law by the commencement of the term of the district court of G. county, and said judgment was **coram non judice** and void.

(Syllabus by the Court.)

*Error from District Court, Blaine County; M. C. Garber, Judge.*

Action by the Okeene Hardware & Implement Company against I. H. Lookabaugh. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*I. H. Lookabaugh* and *Dale & Bierer,* for plaintiff in error. —Citing: *In re Patswald,* 5 Okla. 789; *Irwin v. Irwin,* 2 Okla. 180; *In re Millington,* 24 Kan. 214.

*Seymour Foose,* for defendant in error. No copy of brief reached the reporter.

TURNER, J. On December 24, 1904, the Okeene Hardware & Implement. Company, a corporation, defendant in error, sued I. H. Lookabaugh, plaintiff in error, in the probate court of Blaine county, upon a written guaranty, signed by himself and others, for $702.45. After motion to make more definite and certain, and demurrer filed and overruled, defendant filed answer and cross-petition, to which there was a reply, in effect, a general denial, and a trial to the court, which resulted in judgment for plaintiff and against defendant for $788.48, with interest and costs, from which he appealed to the district court. There defendant renewed said motion and demurrer, which were overruled, and exception saved, and proceeded to trial to the court, and on October 26, 1906, at the close of plaintiff's testimony, demurred thereto, which at the close of all the testimony the court took under advisement, and on December 21, 1906, overruled and rendered judgment in favor of plaintiff and against defendant for $817.70 with interest and costs. After motion for a new trial, filed and overruled, defendant brings the case here for review.

His first contention is that said judgment is *coram non judice.* On this point the record discloses that on June 12, 1906, the Supreme Court of Oklahoma Territory by proper order fixed terms of the district court to begin in Blaine county, at Watonga, on Tuesday, October 2, 1906, and in Garfield county, at Enid, on Tuesday, November 20, 1906, and later assigned Associate Justice Burwell, judge of the district court, to preside in all cases in said courts, beginning on the latter date, that might come before him during the absence therefrom of Hon. M. C. Garber, the regular presiding judge. Later a similar order was made directing him to preside in the district court of Garfield county,

beginning December 4, 1906, and later a similar order directing him to again preside in said court in Garfield county, beginning December 17, 1906. The record fails to disclose that Hon. B. F. Burwell presided at any time during the term of court in Blaine county, beginning October 2, 1906, but shows that the same was held by Hon. M. C. Garber, the regular presiding judge of that (the Fifth) district, who tried this cause October 26, 1906, and, before judgment, on the next day adjourned said court until November 19, 1906; that on said day the sheriff, in the absence of said presiding judge, adjourned said court until November 20, 1906; that on said day, pursuant to the aforesaid order of the Supreme Court, the district court of Garfield county convened, Hon. B. F. Burwell presiding, at which time it adjourned until next day, when it reconvened and continued in session from day to day, the same judge presiding until December 20, 1906, when it adjourned until December 26, 1906; that pending said adjournment, to wit, on December 21, 1906, the same being the "twenty-fourth judicial day" of the "October term, 1906," of the district court of Blaine county, Hon. M. C. Garber, the regular presiding judge, without order of the Supreme Court so to do, opened said court, and in the absence of both defendant and his counsel rendered and entered the judgment complained of.

Defendant contends that said judge had no right to hold said court there on that day, because he says the term had expired by operation of law on November 19, 1906. The point is well taken. On that day said court failed to convene, and therefore by operation of law adjourned without fixing in the order of adjournment any time to reconvene. The orders of October 27 and November 19, 1906, read:

"Adjournment. And thereupon court adjourns until 9 o'clock a. m. November 19, 1906. * * *

"Court convened this 19th day of November, 1906, at 3 o'clock p. m., pursuant to adjournment.

"Present: V. M. Whiting, Clerk; George A. McArthur, Sheriff; A. J. Lowary, County Attorney; F. E. Hillis, Court Crier.

"Public proclamation of the opening of court having been announced, proceedings were had as follows:

"The sheriff, in the absence of the sole presiding judge, adjourned court until tomorrow at 9 o'clock a. m. November 20, 1906. * * *

"Adjournment. And thereupon court adjourns until 9 o'clock a. m. November 20, 1906."

From which we infer that the regular judge was present and convened court on October 27, 1906, and adjourned the same until November 19, 1906, but on that day was neither present to convene nor adjourn court, at which time the sheriff alone undertook to both convene and adjourn until the next day, November 20, 1906, on which day nothing was done or attempted.

We are of opinion that, as no day was set by the court on November 19 for reconvening (the action of the sheriff being a nullity—*Railway Co. v. Hand*, 7 Kan. 386), said term of court expired by its own limitation with that day, or beginning November 20, 1906, at which time Hon. B. F. Burwell, pursuant to proper order, convened a regular term of the district court in the same district in Garfield county. This is in keeping with the uniform holding of the courts.

In *Re Dossett*, 2 Okla. 369, 37 Pac. 1066, the court in the syllabus said:

"After the court has once regularly convened on the day fixed by order of the Supreme Court, it can expire only by adjournment *sine die* or by operation of law. and, unless adjourned *sine die*, will not so expire by operation of law until the first day of the regular term in the same or another county. * * *"

*In re Patswald*, 5 Okla. 789, 50 Pac. 139, was an original proceeding in the Supreme Court in *habeas corpus*. The judgment of conviction was assailed for being *coram non judice* and void. Relief was granted under the writ; the court holding said judgment to be so for the reason that while the jury was in charge of bailiffs deliberating on the verdict, the trial court adjourned for two days, or until December 26, and the judge went to another county, opened and held a term of court there,

and returned on the 26th and received the verdict. The court was of opinion that while the court had, no doubt, the right on its return on the 26th to proceed in other cases, the term as to that case had expired by operation of law when the judgment of conviction was had.

*In re Millington,* 24 Kan. 214, was an original proceeding in *habeas corpus.* The facts were that the prisoner's trial commenced in the district court of Cowley county on May 17, and judgment was rendered on the 18th; that the 17th was the day fixed by law for commencement of the term of the district court of Sedgwick county; that on both said days said court was in session, being held by a judge *pro tempore,* elected in the absence of the presiding judge; that the district court of Cowley county had been in session for some time, and was on the 13th adjourned over the 14th and 15th, and to the 17th, the day of the commencement of the Sedgwick county term. It was held by the court in an opinion rendered by Mr. Justice Brewer that said order of adjournment was void; that the term of the district court of Cowley county was on the 17th and 18th suspended or closed by the commencement of the term in Sedgwick county; and that the proceedings on those days in Cowley county were *coram non judice* and void.

It follows that, the court having failed to fix in the order of adjournment a time for reconvening, the term expired by operation of law by the commencement of the term in Garfield county; that said court was precluded from again convening until the time fixed by law for its next regular session; and that the judgment complained of, being rendered and entered in vacation, is *coram non judice* and void. *Irwin v. Irwin,* 2 Okla. 180, 37 Pac. 548; *Grable v. State,* 2 G. Greene (Iowa) 559.

It is unnecessary to discuss other questions raised in the briefs.

Following *Earls v. Earls,* 27 Kan. 539, and cases there cited, the cause is reversed and remanded for a new trial.

All the Justices concur.