# DUNN v. CARRIER.

No. 4407.    Opinion Filed July 29, 1913.

Rehearing Denied December 23, 1913.

(135 Pac. 337.)

1. **JUDGMENT—Rendition—Validity.** All judgments, except where specially provided for by statute, must be rendered while the court is in session in the county where the case is pending, and a judgment rendered by the judge in vacation of the court, and in another county, is void, and jurisdiction cannot be conferred by agreement.

2. **APPEAL AND ERROR—Decision Below—Evidence.** This court will not disturb the verdict of a jury or decision of a court when there is evidence reasonably tending to support it; and, while there is a conflict in the evidence in this case, there is sufficient to support the conclusion reached.

3. **CONDUCT OF TRIAL.** The record examined, and held to contain no evidence of unfairness of the court prejudicial to the defendant on the trial of the case.

4. **JUDGMENT—Rendition—Correction.** It being one of the duties of the court to render judgment in a case at the end of the trial

thereof, he may and should, on finding that his judgment is for any reason void, render any other judgment warranted by the law and evidence that will give the case a legal and final ending.

(Syllabus by the Court.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by Joe G. Carrier against T. M. Dunn. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

*Carr & Field,* for plaintiff in error.

*O. W. Patchell, Marion Henderson,* and *J. T. Blanton,* for defendant in error.

PER CURIAM. This case presents error from the district court of Garvin county, and was brought on the 10th day of May, 1909, by the defendant in error, as plaintiff, commencing an action against the plaintiff in error to eject him from a certain tract of land and to quiet the title thereto. On the 19th day of October, 1909, an amended petition was filed, to which the defendant demurred. On the 16th day of February, 1910, said demurrer was overruled, and the defendant filed his answer to said amended petition on the 11th day of March, 1910. The answer was a general denial and a counterclaim for the sum of $30. On the 13th day of September, 1910, the plaintiff filed a second amended petition, to which the defendant demurred, but no ruling was ever had on the same, and no answer was filed to the second amended petition. The case was tried at the convenience of the court and parties, being often continued, and was concluded on June 3, 1911. Prior to this time, and before the 6th day of September, 1910, a trial had been had, and the case closed on the evidence then introduced, but on that date the case was, on the motion of plaintiff, opened for the introduction of further evidence.

It is shown by the record and admissions of the parties in their briefs that it was agreed that Hon. R. McMillan, the trial judge, might render judgment in vacation of the district court of Garvin county and have the judgment entered as of the 3d day of June, when the trial was completed and the term of court

ended. Just when the judgment was rendered does not appear, but that it was done in vacation of the court is too clear to justify dissent or require discussion. Thereafter, and on the 21st day of June, 1911, the plaintiff served notice on the defendant's attorneys that he would present his motion on the 26th day of June, 1911, to Hon. R. McMillan at his chambers in Purcell, to amend the judgment. The motion was heard, and the amendment made, both parties appearing by their attorneys. Thereafter, and on the 4th day of September, 1911, the plaintiff on notice to the defendant, filed his motion in the district court of Garvin county, to expunge the judgment so rendered and amended in vacation, and the court sustained said motion and rendered judgment in term, following the amended judgment, except in that he included the rent of the farm for the year expiring between the conclusion of the trial and the last judgment in the case, basing it upon evidence received of the rental value of previous years. The judgment was for the recovery of the land and three years' rent and quieting the title in the plaintiff against the defendant. From the overruling of a motion for a new trial, the defendant appealed.

That the judgment rendered and amended in vacation was void there can be no doubt, and the agreement of the parties that it might be entered as rendered on a term day did not give the court jurisdiction to render it nor give it validity after entered on the journal. Black on Judgments, sec. 179; Freeman on Judgments, p. 121; *Lookabaugh v. Okeene Hardware & Imp. Co.,* 25 Okla. 474, 106 Pac. 844; *Moody & Co. v. Freeman,* 24 Okla. 701, 104 Pac. 30; *American Fire Ins. Co. v. Pappe,* 4 Okla. 110, 43 Pac. 1085; *Irwin v. Irwin,* 2 Okla. 180, 37 Pac. 548; *Laughlin v. Peckham,* 66 Iowa, 121, 23 N. W. 294; *Balm v. Nunn,* 63 Iowa, 641, 19 N. W. 810; *Grable v. State,* 2 G. Greene (Iowa) 559; *Kirtley v. Marshall Silver Mining Co.,* 4 Colo. 111; *Francis v. Wells,* 4 Colo. 274; *Filley v. Cody,* 4 Colo. 109.

The case then stood as though held by the court under consideration from the May, 1911, term of the court, when it was submitted, to the January, 1912, term, when the judgment appealed from was rendered, at which time the judgment rendered

was valid. If, however, the contention that the first judgment entered was rendered in term time is true, it still needed to be amended, and in term time, and so it matters not whether judgment was rendered June 3, 1911, or in January, 1912, it was, at the time it was rendered, a legal and final termination of the action in the district court.

Plaintiff in error contends under his first assignment of error that the court improperly overruled his demurrer to the first amended petition. In his brief he says:

"On what theory his honor could sustain the demurrer of defendant to plaintiff's first petition and then overrule the demurrer to the first amended petition we cannot understand."

Nor can we, since the first petition does not appear in the record. But if the court erred in overruling the demurrer to the first amended petition, he is not prejudiced, since the trial was had on the second amended petition. Defendant demurred to the second amended petition, and later abandoned it and answered. From this it would seem that he was satisfied that the petition on which the trial was had, and judgment rendered, stated a cause of action, and it would serve no useful purpose to look into the first amended petition and decide whether or not it was vulnerable to attack by demurrer.

Plaintiff in error also urges that the trial court was prejudiced against him. We have examined the record carefully, and have found nothing to justify such a contention. Courts, before the conclusion of a trial, are often impressed that the evidence on behalf of one of the parties is more persuasive and satisfactory than that of the other, but this cannot be made a just ground for imputing prejudice to them. Conviction is frequently miscalled prejudice by the best-meaning people, and this frequently occurs in actions where defeated litigants, who, right or wrong, have believed themselves entitled to succeed, are unable to ascribe defeat to any cause except a failure of having had their claims impartially considered.

We have examined the evidence, and conclude that, with a minor exception to be noted, it fully sustains the court in his findings and conclusions. There is a conflict in the evidence on all the material matters, but the rule is well settled in this state

that where there is any evidence reasonably tending to sustain a verdict or decision, this court will not disturb it.

The court found as some of the facts upon which he based his judgment:

"That the plaintiff is an old man, more than 75 years of age, was born in France; that he came to the Indian Territory, and that he married an Indian wife, who is now dead, and that from this wife he obtained an allotment of Indian land, which the court will value at $1,800 at the time of the sale thereof by the plaintiff to the defendant; that while in the possession of said land he married a second time, a mere girl; that the defendant, T. M. Dunn, was his neighbor, and to all intents and purposes, his friend; that the old man owed a $500 mortgage indebtedness on said land, and some other small debts, as shown by the records, and which will be hereafter considered; that the defendant wanted to buy this land, and that they agreed upon a price; that at the time the plaintiff believed and was led to believe by the defendant that his last wife owned a half interest in said land, though at the time and for more than the space of a year prior thereto she had willfully and without reasonable cause left and abandoned plaintiff, and had refused and failed to return to him, and they had been living separate and apart, and she has never since returned to him, and that the defendant told the plaintiff at the time of said sale that he himself would settle with said wife, who appears from the record also to have been a friend of the defendant; that finally on the 11th day of February, 1909, the plaintiff executed unto the defendant a formal warranty deed to said lands for the consideration of defendant assuming said mortgage indebtedness of $500, and his agreement to pay two other notes owing by the plaintiff to other parties, amounting to the sum of $177.50, and promising to pay the plaintiff the sum of $500 in cash, and the defendant also agreed to pay said wife of plaintiff for her supposed interest in said lands, making a total consideration for said lands of the sum of $1,177.50; that after the deed was delivered the defendant had the land and the plaintiff had nothing but defendant's promise to pay him the $500 at an indefinite future date. The court further finds that the defendant has never paid the said absent wife anything, and denies that he owes her anything or ever promised to pay her anything. And the court further finds that as a matter of law said absent wife had no interest in said lands at the time of said sale, and such fact was well known to said defendant, but the plaintiff believed otherwise, and which

belief was partly induced by words of the defendant; that while said balance was still due the plaintiff from the defendant, a stranger came in and by and through the agency of the defendant, and the stranger made a trade with the plaintiff, in which he purported to sell him a tract of land in Texas close by this absent wife of said plaintiff, and agreed to take the balance of the debt Dunn owed the plaintiff in the payment of said Texas land; that on going down to see said Texas land, urged on by the hope of again being reunited with his young wife, the plaintiff ascertained that there was no such land in existence, and that said payment that Dunn owed him as a balance on the land involved in this controversy had been wrested from him, and that he had nothing in the world left for his tract of land in Garvin county. Thereupon plaintiff filed his petition in this case, seeking to set aside the said conveyance made by him to the defendant on the 11th day of February, 1909, and to have said deed declared of no force and effect, for the recovery of the possession of said lands and the rental value thereof while detained by the defendant, and for a general accounting. And now the court finds that the plaintiff would not have executed said deed to the defendant for the consideration promised by the defendant except for his mistaken belief that his absent wife had a half interest in said lands, that such belief was partly induced by the words and acts of the defendant, and that the actual value of said land at the time of said sale was at least $1,800, or a sum greatly exceeding the price agreed upon, and, but for the accounting hereinafter given, said lands have in fact been wrested from the plaintiff without actual consideration."

The foregoing recital covers every material matter put in issue, and, being found true by the court, we cannot see how a different judgment than that rendered could have been rendered, except that the judgment should not have been made to include the last year's rent.

No error appearing that prejudiced the substantial rights of the plaintiff in error, the judgment will be modified by deducting therefrom one year's rent, $180, and affirmed as modified.