## OKLAHOMA STATE BANK v. CHRISTIAN *et al.*

No. 4248. Opinion Filed April 27, 1915.

(148 Pac. 697.)

**APPEAL AND ERROR—Finding of Fact—Evidence.** Where tne evidence reasonably supports the finding of the trial court, such finding will not be disturbed on appeal.

(Syllabus by Collier, C.)

*Error from District Court, Comanche County;*

*J. T. Johnson, Judge.*

Action by the Oklahoma State Bank against M. L. Christian and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Stevens & Myers,* for plaintiff in error.

*S. M. Cunningham* and *J. A. Hughes,* for defendants in error.

COLLIER, C. Plaintiff in error commenced this action against M. L. Christian on the 1st day of September, 1911, to recover the sum of $1,005.23, alleged to be then due on an overdraft of money advanced to M. L. Christian for the purpose of defraying expenses of a grading contract, which he was prosecuting at Ft. Sill. An attachment was issued and served on two mules. On the 24th day of May, 1912, Fannie Christian, wife of defendant M. L. Christian, filed an interplea, claiming to be the owner of the property attached, and prayed that said attachment be discharged as to said property. On the 25th day of May, 1912, Fannie Christian filed a motion to discharge said attachment. On the 31st day of May, 1912, the cause came on to be heard, and, upon motion of plaintiff to require intervener to elect as to whether she would stand upon her motion to discharge said property from the attachment, she elected to stand upon her motion to dissolve said attachment. The court heard

the evidence and sustained said motion and dissolved the attachment as to said two mules.

There is no assignment of error in the brief filed by plaintiff in error in this case, unless the following statement may be so considered, to wit:

"This proceeding is brought to review the action of the trial court in sustaining said motion of Fannie Christian, dissolving the attachment on the span of mules."

A proper application of rule 25 of this court (38 Okla. x, 137 Pac. xi) would work a dismissal of this appeal, but we have concluded to review the cause upon its merits.

It is argued by plaintiff that the court erred in admitting illegal evidence, but the brief does not sufficiently point out the illegal evidence complained of so that we can intelligently review the same. After a careful reading of the evidence as shown by the record, and rejecting any possible illegal evidence admitted in favor of the intervener, we are constrained to hold that, notwithstanding there is a conflict in the evidence, there is sufficient evidence to sustain the judgment of the court in discharging said mules from the attachment. There is evidence tending to show bad faith on the part of M. L. Christian in his dealings with plaintiff, but the evidence does not show that the intervener had any connection with such dealings, or knowledge thereof; and such action of the husband, from whom the intervener was living apart, does not affect her.

"The Supreme Court will not disturb the verdict of a jury or decision of the trial court where there is evidence reasonably tending to support it, and where there is a conflict in the evidence in the case and there is sufficient evidence to support the conclusion reached by the trial court." (*Dunn v. Carrier*, 40 Okla. 214, 135 Pac 337.)

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.