**WAGGONER v. DAVIS, Federal Agent.**
(No. 1105.)

(Court of Civil Appeals of Texas. Beaumont. April 30, 1924. Rehearing Denied May 7, 1924.)

**1. Appeal and error ☞877(7) — Judgment against interveners not appealing not disturbed on plaintiff's appeal.**

Entry on motion of judgment nunc pro tunc against interveners, not excepting nor appealing by court having jurisdiction of parties to and subject-matter of motion and power to grant relief prayed for, will not be disturbed on plaintiff's appeal from judgment so entered for defendant, without showing that it did not dispose of all issuable facts and should be reversed

to protect plaintiff's interests and do equity among parties.

**2. Appeal and error ☞662(2)—Appellate court cannot presume that trial court did anything not reflected by bill of exceptions.**

On recitals of bill of exceptions showing that no judgment was rendered at trial term, appellate court cannot presume that trial court, entering judgment nunc pro tunc at succeeding term, heard other evidence than that shown in bill or did anything not reflected thereby.

**3. Judgment ☞273(4)—Judgment cannot be entered as of preceding term at which trial court rendered no judgment.**

On trial on special issues, jury's verdict merely finds facts, and unless judgment is actually rendered by court at same term, judgment nunc pro tunc cannot be entered as of preceding term.

**4. Appeal and error ☞1073(5)—Entry of judgment nunc pro tunc as of preceding term held harmless error.**

Entry of judgment nunc pro tunc for defendant as of preceding term, at which court rendered no judgment, but jury found for defendant as to matter on which cause of action depended, held harmless error, except as to costs taxed against plaintiff; jury's finding on such matter being res adjudicata and estopping plaintiff from asserting cause of action on allegation thereof.

**5. Costs ☞234—Plaintiff appealing from judgment sustained as harmless error will be relieved of costs taxed against him.**

Plaintiff appealing from entry of judgment nunc pro tunc for defendant as of preceding term, at which no judgment was rendered, will be relieved of costs, which will be retaxed against defendant, though judgment is sustained as harmless error except as to costs.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Action by B. P. Waggoner against James C. Davis, Federal Agent. Judgment for defendant, and plaintiff appeals. Reformed and affirmed.

Fogle & Gentry, of Houston, for appellant. Baker, Botts, Parker & Garwood, of Houston, for appellee.

WALKER, J. This case was tried at the July term, 1922, of the county court at law of Harris county. As no judgment was entered on the minutes of the court at that time, appellee filed a motion at the next term to have judgment entered nunc pro tunc, which, after due presentation, was so entered. Appellant duly excepted to the order of the court sustaining appellee's motion, and has prosecuted his appeal to this court, on the ground that the judgment of the court granting the motion was without support in the evidence.

Appellant instituted this suit, alleging that he was the owner of certain hay, of the value of $580, which was destroyed by fire

through the negligence of appellee's agents. Appellee answered by a general denial and certain special pleas. Two other parties intervened in the case, but as their pleas are not in the transcript, and we have no statement of the facts on which the case was tried, we do not know the nature of their claims. Question No. 1 inquired of the jury whether appellee's agents burned the hay, to which they answered, "No." As this negative answer was a complete defense to appellant's cause of action, the jury did not answer the other questions, under the instruction of the court.

Appellant's bill of exception to the action of the court entering the judgment nunc pro tunc shows the trial of this case at the July term, the court's charge, the verdict of the jury, the filing by appellant of a motion for a new trial, in which he alleged, under three counts, that the court erred "in rendering a judgment for the defendant," and the order of the court overruling appellant's motion for new trial, noting his exceptions, giving notice of appeal, and allowing the usual time in which to file his statement of facts and bills of exception. After reciting the foregoing facts, the bill of exception contains this statement:

"That the foregoing [referring to the facts just stated by us] constitutes all that was said and done by the court during the July term in connection with said cause after the jury returned into the court with their verdict."

[1] The interveners did not except to the judgment as entered, nor have they prosecuted an appeal therefrom. Appellant has made no statement showing the relation of interveners to the original suit, nor the effect of the court's judgment on the merits of the original cause of action in entering a judgment against interveners; that is to say, appellant makes no showing that the entry of the judgment against interveners is not a disposition of all issuable facts that could arise on another trial. As the court had jurisdiction of the parties to the motion, of the subject-matter involved in the motion, and had the power to grant the relief prayed for, the judgment against interveners is not void, and as they have made no complaint against the judgment, and as appellant has made no showing that the judgment against interveners should be reversed in order to protect his interests and do equity among the parties, we have no authority to disturb the entry of the judgment by the trial court against interveners.

[2] We agree with appellant that his bill of exception makes an affirmative showing that no judgment was actually rendered by the trial court at the July term. On the recitations of this bill, we cannot presume that the court heard other evidence than that shown therein, nor that the court did anything except as reflected by the bill, all of which we have given in our statement of this case. Therefore, as no presumptions can be indulged in support of the judgment, Dowdle v. U. S. Fidelity & Guaranty Co. (Tex. Com. App.) 255 S. W. 388 (see, also, opinion of Court of Civil Appeals, 242 S. W. 771), has no application to this case.

[3] As no judgment was rendered by the court at the July term, the court's judgment against appellant at the succeeding term is without support in the evidence. This follows on the proposition that—

"In jurisdictions where there are terms of court, a judgment cannot be rendered as of that term, after the term has expired." 14 Std. Proc. 982, supported, among other authorities, by Lookabaugh v. Okeene, 25 Okl. 474, 106 Pac. 844; Irwin v. Irwin, 2 Okl. 180, 37 Pac. 548.

We think, on a trial on special issues, that the foregoing proposition is the law of this state, and that a judgment nunc pro tunc cannot be entered as of the preceding term, unless the judgment so entered was in fact actually rendered by the court at the preceding term.

As already said, the court did not render judgment at the July term, nor do the facts recited in the bill constitute in law the rendition of a judgment. On a trial on special issues, the verdict of a jury does nothing more than find the facts. It is for the court to pronounce the law on the facts thus found. This requires a positive act on his part. No judgment exists in the case until rendered by the court. We think these conclusions are involved in Carwile v. Cameron, 102 Tex. 176, 114 S. W. 102, where it is said:

"The distinction between the action required of the judge in case of a general and special verdict is very plainly expressed in these articles. Of a general verdict the judge has nothing to do but simply enter upon his docket the fact of the return of the verdict and judgment follows as a matter of course, but in case of special verdict, the judge receives the verdict and passes upon it, determining what the judgment shall be and renders judgment thereon, that is, pronounces the judgment which the clerk shall enter upon record. The reason is plain; upon a general verdict for the plaintiff or defendant there is no need for any action of the court, as the law determines what the judgment shall be, but in case of special verdict, the facts being found by the jury, it is necessary for the court to announce the judgment, the legal conclusion thereon, because the law is not determined by the special verdict, nor are the rights of the parties fixed thereby.

"In Lloyd v. Brink, 35 Texas, 1, the court held that the rendering of judgment is a ministerial act on the part of the judge and that a mandamus would lie to compel him to enter judgment in conformity to a general verdict. We understand the practice to be for the clerk to enter judgment upon a general verdict without a formal announcement by the judge, which practice conforms to the statute. If the clerk fails to perform his duty during the term, the judge may at a subsequent term direct the entry to be made nunc pro tunc."

[4] It follows from what we have said that the court erred in entering judgment nunc pro tunc against appellant. But under rule 62a we believe it was harmless error, except as to the costs. The finding of the court that appellee's agents did not burn appellant's hay is res adjudicata of that question (Hume v. Schintz, 90 Tex. 72, 36 S. W. 429), and he is forever estopped by this finding, to assert a cause of action for this hay on the allegation that it was burned by appellee. It affirmatively appears from an inspection of appellee's petition that he cannot have a cause of action against appellee without alleging that the hay was burned. Then while the court committed a technical error by rendering the judgment of which he complains, it is our conclusion that he has been deprived of no right and has suffered no injury thereby, except on the item of costs.

[5] As no judgment was rendered by the court at the July term, the court was without authority to enter a judgment against appellant at the succeeding term for costs. As the court technically erred in entering the judgment at the July term, appellant was not liable for the costs incurred in that motion. It is, therefore, our order that the judgment of the trial court entering the judgment nunc pro tunc be sustained, as the error is harmless, but that appellant be relieved of all costs taxed against against him in the judgment, which costs are hereby taxed against appellee.

Reformed and affirmed.