## LIBERTY YEAST CORPORATION v. GOTTLOB. (No. 9028.)

Court of Civil Appeals of Texas. Galveston. July 6, 1927.

**1. Dismissal and nonsuit ⬯79—Judgment that plaintiff, not appearing, take nothing by suit, and pay costs, is erroneous; judgment of dismissal without prejudice being proper.**

Judgment that plaintiff take nothing by its suit, and pay costs, is erroneous, where neither plaintiff nor its attorney appears, and the defendant appears ready for trial; judgment of dismissal for want of prosecution without prejudice being the only judgment proper.

**2. Costs ⬯238(1)—Defendant in error, defendant below, held not entitled to costs, in absence of request to set aside harmless erroneous judgment of dismissal.**

Defendant in error, who was defendant below, is not entitled to costs, in absence of showing that his attorneys, before attaching of the appellate court's jurisdiction, agreed to join opposing counsel in asking the trial court to set aside an erroneous, but harmless, judgment of dismissal.

Error from Galveston County Court; E. B. Holman, Judge.

Action by the Liberty Yeast Corporation against John Gottlob. Judgment for defendant, and the plaintiff brings error. Reversed and' rendered.

Jesse E. Moseley; of Houston, for plaintiff in error.

Levy, Levy, Barker & Kahn, of Galveston, for defendant in error.

GRAVES, J.    The yeast corporation brought this suit against Gottlob upon an itemized sworn account for $319; he replied

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

through demurrers and denials with defensive pleadings only, asking for no affirmative relief; when the cause was called for trial, neither the plaintiff nor its attorney appeared, but the defendant and his attorney did, and announced ready for trial, whereupon the court, after hearing evidence presented by them upon the merits, rendered judgment that plaintiff take nothing by its suit and also pay the costs.

[1] This action was error; as the defendant below concedes in a written confession filed in this court. The only proper judgment in such circumstances is one dismissing the cause for want of prosecution without prejudice. Parr v. Chittim (Tex. Com. App.) 231 S. W. 1079. The trial court's judgment will therefore be reversed, and this court's order will enter so decreeing.

[2] Neither can the motion of defendant in error for the taxation of costs against plaintiff in error, which has been taken and considered with the case, be sustained, it not appearing that his attorneys agreed to join opposing counsel in asking the trial court to set aside its erroneous judgment prior to the attaching of this court's jurisdiction. We therefore conclude that the usual rule as to costs should apply; Waggoner v. Davis (Tex. Civ. App.) 261 S. W. 482; Threatt v. Johnson (Tex. Civ. App.) 156 S. W. 1137.

Trial court's judgment rendered, and cause dismissed as for lack of prosecution, without prejudice.