## THE AMERICAN FIRE INSURANCE COMPANY OF PHILADELPHIA v. RICHARD PAPPE.

1. PROCEDURE—*Probate Courts.*    Article 15, ch. 18, Laws of Oklahoma, extending the jurisdiction of probate courts, provides for holding regular terms of the probate court for the trial of all civil cases wherein concurrent jurisdiction is given with the district court, where the sum in controversy exceeds the jurisdiction of a justice of the peace, and in such cases the pleadings and practice and procedure in the probate court must conform to the procedure of the Territory governing pleadings and practice, and proceedings in the district court.

2. COURTS—*Records.* Where the law fixes a term of court to begin on the first Monday in January, and the record of such court fails to show that the court convened on the day named, and it is admitted by the judge that "there was no entry in the journal or records of the court showing that the court had been opened at any time prior to February 1, *held,* that in the absence of such record it must be presumed that the court did not convene at the time fixed by law.

3. PROBATE COURT—*Judgment Void for Want of Jurisdiction.* A judgment of the probate court rendered in a civil action wherein the sum in controversy exceeds the jurisdiction of a justice of the peace, and which judgment was so rendered at the time when the court was not legally in session, is void for want of jurisdiction.

4. JUDGMENT—*Void.* Judgments rendered by a court not legally in session are void.

5. JURISDICTION—*Cannot be Conferred.* Where terms of court are, under the law, fixed at stated periods, and the court fails to convene at the time so fixed,

and by reason thereof, the court is not legally in session, the parties to an action cannot, by agreement, confer jurisdiction upon the court to render a judgment binding upon the parties.

*Error from the Probate Court of Kingfisher County.*

February 6, 1894, Richard Pappe obtained a judgment in the probate court of Kingfisher county against The American Fire Insurance company of Philadelphia, in the sum of $705. The defendant below brings the case here for reversal. The opinion states the facts.

*Boynton & Smith* and *Leake, Henry & Reaves,* for plaintiff in error.

*James A. Morris,* for defendant in error.

The opinion of the court was delivered by

DALE, C. J.: November 15, 1893, Richard Pappe commenced an action in the probate court of Kingfisher county against The American Fire Insurance company of Philadelphia, to recover a judgment in the sum of $1,000 upon a contract of insurance, wherein defendant below agreed to insure against fire a certain building and contents, belonging to plaintiff below. After issues were duly joined, the cause was called for trial in the probate court, sitting with the powers of a district court. On January 31, 1894, the judge issued an open venire for twelve jurors and on February 1, over the objection of defendant below, called the case for trial, and on such trial the plaintiff below obtained a judgment in the sum of $705. To reverse the judgment, appellant assigns ninety-nine errors, and in support thereof files a brief specifically calling attention to and arguing each alleged error. We find, after an examination of the record and

authorities that it will be unnecessary to consider but one of the errors assigned.

It appears that on February 1, when the case was called for trial, defendant filed a motion to quash the venire, and among the objections urged was one alleging the fact that the court was not legally in session; that it had never been legally opened or proclaimed to be open, nor had any session of the January, 1894, term been opened or continued open. The court overruled the motion and the jury was then examined and the panel completed, after which defendant below objected to the introduction of evidence, alleging among other reasons as grounds for such objection, that the cause was not triable at that time because the January term of the court was never properly opened nor convened in session up to that date, and the call of the court in attempting to open court by proclamation of the sheriff for the first time at the January term on that date was without authority of statute and void; that any agreement for the trial of the action upon that particular day could not authorize the court to summon a jury. This objection was also overruled. Immediately following the ruling, in the record, appears the following statement:

"And the court on said first day of February, 1894, at 10 o'clock a. m., directed the sheriff to duly open court by proclamation of such officer at the door of the court-room, and such sheriff did so open court on said first day of February, 1894, before the transaction of any court business by said court. And the court record and journal does not show that it was opened on the first Monday in January, 1894, by proclamation of the sheriff or other officer of the court, and there is no entry in the journal or record of the court showing that it had been so opened at any time previous to February 1, 1894, in a legal or regular manner, and the court, then and there in

open court, stated that the court or judge could not recollect that such court had been opened or attempted to be opened in such manner on the first Monday in January, 1894, that it might or might not have been, but that it was the custom of the court, on the first day prescribed by the statute as the first day of the term of such probate court, to have it opened by an officer, if one happened to be present, and if one was not present, to regard and consider the court as open, and to open court by proclamation on all days when cases were heard, and that the court had considered itself in session since the first Monday in January, 1894, and had done business as an open court, and tried causes as such, and that whether it had been regularly opened or not the journal did not say nor any other record, and the court could not then say. And the court now certifies that the foregoing is true."

After which the court directed the trial to proceed, which was done and a verdict rendered and judgment obtained as above stated. In the judgment appears the following:

"Now on this, the first day of February, 1894, this cause came on to be heard, in pursuance of an agreement of the parties heretofore made, in open court. The plaintiff appeared in person and by his attorney, James A. Morris, and the defendant appearing by its attorneys, Boynton & Smith."

Under this state of the record we are called upon to determine whether or not the court below had jurisdiction to render a judgment in the case at the time such judgment was obtained.

I.   Article 15, ch. 18, Laws of Oklahoma, passed by our Territorial legislature, approved December 25, 1890, and entitled "An act extending the jurisdiction of the probate court in civil and criminal cases, and prescribing the procedure therein and providing for appeals therefrom" is the authority under which the probate courts of

8—

this Territory obtain jurisdiction to hear and determine causes between parties other than causes of the character usually heard in probate courts. Section 1, of the act is as follows: "Probate courts. Probate courts in their respective counties shall in addition to the powers conferred upon them by the probate chapter of the Territory, have and exercise the ordinary powers and jurisdiction of justice of the peace, and shall, in civil cases, have concurrent jurisdiction with the district court, in all civil cases in any sum not exceeding one thousand dollars, exclusive of costs, and in action of replevin where the appraised value of the property does not exceed that sum, and the provisions of the chapter on civil procedure relative to justices of the peace and to practice and proceedings in the district court shall apply to the proceedings in all civil actions prosecuted before said probate court." This section confers the jurisdiction. Following in § 2, we find the manner in which such jurisdiction shall be exercised, and in such section it expressly provides that "in all cases commenced in said probate courts wherein the sum exceeds the jurisdiction of justices of the peace, the pleadings and practice and proceedings in said court, both before and after judgment, shall be governed by the chapter on civil procedure of the Territory governing pleadings and practice and procedure in the district court." This language is conclusive. It means that in all cases wherein the amount in controversy exceeds the sum of one hundred dollars, the probate court is sitting as a district court, and is governed by the same procedure. Section 3 of the same act provides for holding terms of the probate court and on the first day of the term preparing a calendar of the cases standing for trial at said term. And § 4, following § 3, *supra*, expressly declares what business may be transacted by the probate court,

when not in session as a district court, and the language used is such as prohibits the court from trying causes of the character of the one under consideration except at a regular term.    Section 2, of art. 17, makes provision for terms of court "beginning on the first Mondays in January, March, May, July, September and November of each year."    From these provisions we reach the conclusion that the legislature intended:    *First*, to create a court with jurisdiction, in certain classes of cases concurrent with the district court.    *Second*, to provide that where the probate court exercised such jurisdiction, the proceedure should in all respects conform to that of the district court, and, *third*, for regular terms of court while engaged in the trial of causes wherein the sum in controversy exceeds the jurisdiction of a justice of the peace.

II.    The record of this case, we think, conclusively shows that the trial court did not regularly convene on the first Monday in January, and in fact that no attempt was made to so open the court until the first day of February.    It is true the judge, in ruling upon the objection of counsel for defendant, stated that "he could not recollect that the court had been opened on the first Monday in January; that it might or might not have been so opened."    But it was admitted by all parties that "there was no entry in the journal or records of the court showing that the court had been opened at any time prior to February 1," and in the absence of any record, we are bound to say that the act was not performed, as the probate courts of this Territory are courts of record, and they can only speak by the records.

III.    It is, we think, quite clear both in reason and authority, that a judgment of the character appealed from, if rendered at a time when the court was not

in session, is not binding upon the parties. Under the Organic Act of this Territory, § 9 provides, that the judicial power of the Territory shall be vested in a supreme court, district courts, probate courts and justices of the peace. There is a well defined distinction between the act of a judge and the act of a court. The law has placed the jurisdiction to pronounce judgment, in a court, not in a judge. Except at regular sessions, as fixed by law, a judge of a district court has no jurisdiction to render a final judgment, other than in *habeas corpus* and *mandamus*, and an attempt so to do would at once be recognized as an act beyond his judicial authority. The same rule is applicable to probate judges. And we think it true that, where the statute provides for regular terms of court, to be held for the trial of causes, and rendering of judgment, it is only during term time that the judges are invested with their full judicial power. (Black on Judgments, Vol. 1, § 179; *Earls v. Earls*, 27 Kan. 538; *Galusha v. Butterfield*, 2 Scam. 227; *Balm v. Nunn*, 66 Ia. 641; *Laughlin v. Peckham*, 66 Ia. 121; *Filley v. Cody*, 4 Col. 109; *Kirtley v. Marshal Silver Mining Co.* 4 Col. 111; *Francis v. Wells*, 4 Col. 274.)

IV.   Inasmuch as the court failed to convene on the first Monday in January for the purpose of holding a term of court for the trial of causes within the procedure of the district court governed, any judgment in such causes which the court might render is *coram non judice*, and it is unnecessary for us to discuss this proposition, as the supreme court of this Territory has heretofore passed upon this question. (*In re McClaskey*, 2 Oklahoma, 568.) And to the same effect see *in re McClaskey*, 34 Pac. Rep. 459; *in re Terrill*, 34 Pac. Rep. 457;

*Earls v. Earls, Galusha v. Butterfield, supra*; *in re Millington*, 24 Kan. 214.)

It is claimed by defendant in error that appellant consented that the trial might proceed in the court below at the time the cause was heard, and that he is concluded by his agreement. The only mention of an agreement of the character indicated appears in the judgment. There is no stipulation or other evidence of an agrement found in the record. As against this allegation of an agreement the record shows that an objection was duly made before the jury was empanneled, in which objection it was urged that the court was not legally in session, because the court had not theretofore been in session for the January term. This objection was overruled, and to such ruling an exception was taken. After the jury was empanneled the same objection was renewed and again overruled and an exception saved. As against this record we could hardly accept the statement of the court to the effect that the cause proceeded to trial upon agreement. But conceding that such trial was had by agreement, such fact would not give the court jurisdiction. Judicial power cannot be conferred upon a court by consent. (Freeman on Judg. Vol. 1, 121.) And this doctrine is quoted with approval in *Earls v. Earls, Galusha v. Butterfield, Francis v. Wells, supra,* and the cases cited in those decisions.

The judgment of the lower court is reversed, and the court below is directed to grant a new trial to appellant.

All the Justices concurring.