## WEBSTER v. OKLAHOMA RAILWAY CO.

No. 21388. Opinion Filed Dec. 20, 1932. Rehearing Denied May 22, 1934.

Bond & Bond and Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

Hayes, Richardson, Shartel, Gilliland & Jordan, for defendant in error.

KORNEGAY, J. This is a proceeding in error to reverse the action of the lower court in setting aside a voluntary dismissal and a court order granting a new trial in a suit brought by the plaintiff in error against defendant in error for a personal injury, resulting in the loss of a hand. A history of the matter, as disclosed by the record, is fairly set out in the petition in error, which, omitting the caption and signature, is as follows:

"The said plaintiff in error, M. C. Webster, complaining of said defendant in error, to wit: Oklahoma Railway Company, a corporation, respectfully represents:

"1. On November 21, 1929, the defendant in error, Oklahoma Railway Company, as plaintiff, filed in the district court of Oklahoma county, Okla., its suit against M. C. Webster, plaintiff in error, as defendant, No. 61170 on the civil docket of said district court, asking that the judgment and order granting a new trial made in cause No. 57682, in said district court, styled 'M. C., Webster, Plaintiff, v. Oklahoma Railway Company, Defendant,' setting aside the verdict of the jury rendered in said cause No.

57682 and granting said M. C. Webster a new trial in said cause No. 57682, be set aside, vacated, and held for naught, and that the judgment and order of dismissal entered on July 30, 1929, in said cause No. 57682, dismissing said cause No. 57682, without prejudice, be set aside, vacated, and held for naught.

"2. On November 30, 1929, said M. C. Webster filed in said cause No. 61170 his demurrer to said petition, and his motion to dismiss said petition and said cause No. 61170, which demurrer and motion to dismiss were overruled by said district court on the 30th day of November, 1929, and exception duly reserved by plaintiff in error.

"3. The said M. C. Webster then filed his answer in said cause and on the 11th day of January, 1930, judgment was rendered in said cause No. 61170 in said district court in favor of defendant in error and against plaintiff in error setting aside said order granting said new trial in said cause 57682 and said order of dismissal without prejudice in said cause 57682.

"4. Plaintiff in error seasonably filed his motion for new trial in said cause No. 61170, said motion for new trial alleging error in the overruling of said demurrer to the petition of plaintiff, and that the decision of the court was contrary to law. Said motion for new trial was overruled on the 2nd day of May, 1930, and plaintiff in error duly reserved his exception to the overruling of said motion for a new trial and gave proper notice in open court of his intention to appeal to the Supreme Court of Oklahoma.

"5. This appeal from the proceedings and orders in said cause No. 61170, and from the order of the court overruling said demurrer and motion to dismiss of plaintiff in error to the petition of defendant in error, and from the order overruling said motion for new trial, and from the judgment and final order in said cause No. 61170, has been duly prosecuted.

"6. A full, true, correct and complete transcript of the record, duly certified by the clerk of the district court of Oklahoma county, Oklahoma, is hereto attached, market Exhibit "A" and made a part hereof.

"7. The said plaintiff in error avers that there is error in record of and proceedings in said cause No. 61170, in the district court of Oklahoma county, Oklahoma and presents and sets out the following assignments of error committed by the court of Oklahoma county, Oklahoma, in the proceedings in the record of and the trial of said cause in said district court.

"First Assignment of Error.

"Said district court of Oklahoma county, Oklahoma, erred in overruling the demurrer of and motion to dismiss, petition of

defendant in error, filed and presented by this plaintiff in error.

"Second Assignment of Error.

"The district court of Oklahoma county, Okla., erred in the judgment it rendered and entered herein because said judgment is not justified by the pleadings of defendant in error and said pleadings of defendant in error were insufficient to sustain said judgment.

"Third Assignment of Error.

"The district court of Oklahoma county, Oklahoma, erred in overruling the demurrer of the plaintiff in error to the evidence of defendant in error, to which overruling of said demurrer, plaintiff in error duly excepted.

"Fourth Assignment of Error.

"The district court erred in overruling the motion for new trial of plaintiff in error, to the overruling of which motion plaintiff in error at the time duly excepted.

"Fifth Assignment of Error.

"Under the pleadings of defendant in error no judgment should have been rendered in said cause No. 61170, because the pleadings therein were insufficient to sustain said judgment.

"Sixth Assignment of Error.

"As there was no plea for affirmative relief on file in cause No. 57682 at the time said cause was dismissed without prejudice, and as all costs in said cause No. 57682 had been paid by plaintiff in error at the time of said dismissal, the defendant in error under its pleadings was not entitled to the relief prayed for against plaintiff in error, and the judgment of the district court of Oklahoma county, in cause No. 61170 herein appealed from, was erroneous.

"Seventh Assignment of Error.

"As the pleadings of defendant in error showed on their face, that said cause No. 57682 had been dismissed, and as the term of the district court of Oklahoma county, Okla., when said order of dismissal was entered, had closed, and a new term of said district court had commenced when the petition in said cause No. 61170 was filed, the district court of Oklahoma county, Okla., erred in the judgment rendered and herein appealed from.

"Eighth Assignment of Error.

"Under the law, said district court was without jurisdiction to render the judgment herein appealed from.

"Wherefore, plaintiff in error prays that said judgment so rendered by said district court of Oklahoma county, Okla., in said cause No. 61170, be reversed, set aside, and held for naught, and that judgment be rendered by this court in favor of this plaintiff in error dismissing said cause No. 61170 and restoring to plaintiff in error all rights that he has lost by the rendition of said judgment. Plaintiff in error further prays for all other relief that is proper, or that to the court may seem just."

The record contains the petition in the action to set aside the judgment, which pleads the proceedings in the original case in which reliance is largely placed on plaintiff's contributory negligence, with a reply of "last clear chance" negligence, followed by court instructions and a verdict for the original defendant, followed by a motion for new trial filed April 15, 1929, and a supplemental motion for new trial based on newly discovered evidence, supported by the affidavits of the witnesses, whose testimony was relied on as a ground for the supplemental motion. There was further statement that this motion was allowed July 2, 1929, at which time the new witnesses were produced and testified as to the accident. It averred a voluntary dismissal on July 30th, by the original plaintiff, and a copy of the order is set out, which is as follows:

"On this Tuesday, the 2nd day of July, 1929, came on to be heard the motion for new trial and the supplemental and additional motion for new trial filed herein by the plaintiff, M. C. Webster.

"Upon the hearing of said motions, the said M. C. Webster appeared in person and by his attorneys, E. H. Bond and H. L. Stuart, and the defendant, Oklahoma Railway Company, a corporation, appeared by its attorneys, George Trice and A. W. Gilliland.

"And the court having heard the evidence offered by the parties upon the hearing of said motions, and being fully advised in the premises, sustains said motions and grants a new trial herein on account of newly discovered evidence. Verdict of jury rendered herein on April 12, 1929, is set aside and held for naught. Exception is allowed this defendant."

A copy of the order of dismissal is set out as follows:

"On this, Tuesday, the 30th day of July, 1929, a regular judicial day of the present May, 1929, term of this court, in open court, came the plaintiff, M. C. Webster, by his attorneys, E. H. Bond and H. L. Stuart, and moved and prayed the court to dismiss this cause without prejudice to the right of this plaintiff to bring another suit on the same cause of action herein sued on; and it appearing to the court that no answer, praying for affirmative relief, has been filed herein by the defendant, and the court, being fully advised in the premises, grants said request of plaintiff.

"It is, therefore, ordered, adjudged and decreed by the court that this cause be,

and the same is hereby dismissed at the cost of the plaintiff without prejudice to the right of plaintiff to bring another suit upon the same cause of action herein sued on."

A verified statement of A. E. Hayley to Geo. M. Callihan, county attorney of Oklahoma county, on November 8, 1929, is set out as an exhibit and made part of the petition to vacate. That statement appears in the form of question and answer, with an occasional question by Mr. McCloud, when the memory of the witness was confused. Evidently the wife of the witness was present and witness asked permission to ask her a question, as follows:

"A. May I ask her a question? Q. Yes. The witness: Do you remember the day we went up there and talked to the fellow that runs the bug, Ed Sparks? Mrs. Hayley: No. That was sometime in November we were out there. Q. (By Mr. McCloud): Was that the last time you were there before this accident? A. I believe it was. Q. And your wife was with you? A. Yes."

The statement was verified before a notary public and closed with a statement of its being voluntary. A similar statement, verified before the same notary October 25, 1929, the questioner being Mr. McCloud, made by Gilbert C. Stewart, also appears as an exhibit and part of the petition. The latter portion is as follows:

"Q. Now, Mr. McCloud is the only one that has talked to you prior to this meeting about the truthfulness of your statements and the affidavit you have made? A. Yes, sir. Q. Mr. McCloud nor anyone else prior to this time has promised you any reward to get you to tell the truth? A. Absolutely none. Q. You are doing that because you want to relieve yourself of the fact that you have falsified? A. Yes."

These statements are incorporated in the petition filed November 21st, in the case of Okla. Ry. Co. v. Webster, the ruling in which is here complained of. Summons issued and was served, and a demurrer for the want of facts and jurisdiction, and in the demurrer was a motion to dismiss on the same ground. An answer was filed containing a general and specific denial and an allegation of belief in the truth of the testimony of the witnesses when they testified on the hearing, as follows:

"This defendant alleges that he believed the testimony, as given in said affidavits on said hearing and in the depositions taken in the case brought by this defendant against the Oklahoma Railway Company in the district court of Canadian county, Okla., No. 8842, was true and this defendant still believes the same to be true.

"(4) This defendant alleges that the affidavits of said Gilbert Stewart and A. E. Hayley attached to said petition were obtained by intimidation or bribery, direct or indirect, or by both intimidation and bribery."

The answer was verified by the oath of the original plaintiff on November 30, 1929. An amendment was allowed to the petition as follows:

"XIV-A. That the said defendant, M. C. Webster, and the said A. E. Hayley and Gilbert Stewart, unlawfully and maliciously agreed together, confederated, combined, and formed themselves into a conspiracy for the purpose of procuring for the defendant, M. C. Webster, a judgment against the plaintiff, Oklahoma Railway Company; that the making of said false affidavits and the giving of said false testimony, in aid of defendant's effort to procure a new trial, were the first steps taken by said defendant and the said Hayley and Stewart in carrying out said conspiracy; and that in furtherance thereof, after said motion for new trial was granted and said cause was dismissed in this court, and filed in the district court of Canadian county, Okla., the said defendant and the said Stewart and Hayley, caused to be taken and filed in said district court of Canadian County, Okla., the depositions of the said Hayley and Stewart to be used in the trial of said cause.

"Shartel & Gilliland
"Attorneys for Plaintiff."

It appears that the point involved is whether or not a court is legally warranted in setting aside a final order in a former case, induced by perjured testimony relied on by the court in making the order that is sought to be set aside.

Briefs have been filed on both sides, the discussion largely centering on the proposition as to whether perjured testimony is "extrinsic" or "intrinsic" fraud. It is not deemed necessary to discuss in detail the various cases. This case is fairly illustrative of the dangers arising from setting aside judgments of courts. On one side is an injured person, on the other a corporation operating a railroad. Before a jury of Oklahoma county, the railroad got a verdict. Motion for new trial was granted. Neither side appealed. Under these conditions, on payment of all costs, case was dismissed without prejudice, and was rebrought in Canadian county, and depositions of the witnesses were taken there, as disclosed by the statements contained in the proceedings.

The principles here applicable, are whether the order granting new trial, unappealed from, being brought about by perjured testimony, should, after being acted on and acquiesced in by all parties for several months, be set aside, so as to prevent another trial in a different county before a different jury. The record shows that the witnesses, on whose testimony the new trial was granted in their second statements, claimed they were actuated by sympathy in making the false statement by affidavit, originally made, and oral declarations in court. The counter charge was that they were bribed to vary the testimony.

The principles applicable appear well expressed by the Supreme Court of the United States in the case of United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93, in an opinion delivered by Mr. Justice Miller. The sections of the headnotes applicable are 2 and 3, as follows:

"2. The frauds for which a bill in chancery will be sustained, to set aside a judgment or decree between the same parties, rendered by a court of competent jurisdiction, are frauds extrinsic or collateral to the matter tried by the first court and not a fraud which was in issue in that suit.

"3. The cases in which such relief has been granted are those in which, by fraud or deception practiced on the unsuccessful party, he has been prevented from exhibiting fully his case, by reason of which there has never been a real contest before the court of the subject-matter of the suit."

The language of the opinion in part is as follows:

"There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents and even judgments. There is also no question that many rights originally founded in fraud become—by lapse of time, by the difficulty of proving the fraud, and by the protection which the law throws around rights once established by formal judicial proceedings in tribunals established by law, according to the methods of the law—no longer open to inquiry in the usual and ordinary methods. Of this class are judgments and decrees of a court deciding between parties before the court and subject to its jurisdiction, in a trial which has presented the claims of the parties, and where they have received the consideration of the court.

"There are no maxims of the law more firmly established or of more value in the administration of justice than the two which are designed to prevent repeated litigation between the same parties in regard to the same subject of controversy, namely: 'Interest reipublicae, ut sit finis litium,' and 'nemo debet bis vexari pro una et eadam causa.'

"If the court has been mistaken in the law, there is a remedy by writ of error. If the jury has been mistaken in the facts, the remedy is by motion for new trial. If there has been evidence discovered since the trial, a motion for a new trial will give appropriate relief. But all these are parts of the same proceeding, relief is given in the same suit and the party is not vexed by another suit for the same matter. So in a suit in chancery, on proper showing, a rehearing is granted. If the injury complained of is an erroneous decision, an appeal to a higher court gives opportunity to correct the error. If new evidence is discovered after the decree has become final, a bill of review on that ground may be filed within the rules prescribed by law on that subject. Here, again, these proceedings are all part of the same suit, and the rule framed for the repose of society is not violated.

"But there is an admitted exception to this general rule, in cases where, by reason of something done by the successful party to a suit, there was, in fact, no adversary trial or decision of the issue in the case. Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing. See Wells, Res Adjudicata, sec. 499; Pearce v. Olney, 20 Conn. 544; Wierich v. DeZoya, 7 Ill. (2 Gilm.) 385; Kent v. Richards, 3 Md. Ch. 396; Smith v. Lowry, I Johns. Ch. 320; De Louis v. Meek. 2 (G. Greene) Iowa, 55.

"In all these cases and many others which have been examined, relief has been granted on the ground that, by some fraud practiced directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court.

"On the other hand, the doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actally presented and consiered in the judgment assailed."

And further:

"But perhaps the best discussion of the whole subject is to be found in the case of Greene v. Greene, 2 Gray (Mass.) 361 by Chief Justice Show. That was a bill filed by a woman against her husband for a divorce. The husband had five years before obtained a decree of divorce against her [the wife]. And in her bill she alleges that the former decree was obtained by fraud, collusion, and false testimony, and she prays that this may be inquired into, and that decree set aside. The court was of opinion that this allegation meant that the husband colluded or combined with other persons than complainant to obtain false testimony, or otherwise to aid him in fraudulently obtaining the decree. The Chief Justice says that the court thinks the point settled against the complainant by authority, not specifically in regard to divorce, but generally as to the conclusiveness of judgments and decrees between the same parties. He then examines the authorities, English and American, and adds: 'The maxim that fraud vitiates every proceeding must be taken, like other general maxims, to apply to cases where proof of fraud is admissible. But where the same matter has been actually tried, or so in issue that it might have been tried, it is not again admissible; the party is estopped to set up such fraud, because the judgment is the highest evidence, and cannot be contradicted.' It is otherwise, he says, with a stranger to the judgment'. This is said in a case where the bill was brought for the purpose of impeaching the decree directly, and not where it was offered in evidence collaterally. We think these decisions establish the doctrine on which we decide the present case, namely: that the acts for which a court of equity will on account of fraud set aside or annul a judgment or decree, between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral, to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered.

"That the mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterwards ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

This case has been followed in this jurisdiction in the case of Thigpen v. Deutsch, 66 Okla. 19, 166 P. 901, the syllabus being as follows:

"False evidence or perjury alone, relative to an issue tried, is not a sufficient ground for vacating or setting aside a judgment; the

fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the attacked judgment was rendered; it must be such fraud of the prevailing party as to prevent the other from having a trial of the issues."

The language of the opinion is in part as follows:

"The showing being confined exclusively to an issue that was tried, and not concerning extrinsic fraud practiced by the successful party, which prevented the plaintiff from having a trial of such issue, the showing was insufficient to vacate and annul said judgment. Parties must expect and anticipate false and perjured testimony as to the issues tried, and be prepared to meet the same, and, if this is not done, it is too late to complain. False and perjured testimony to prove an issue in a cause can be anticipated by either party before the trial of such issue, and preparation can be made to meet it. The law does not permit the parties, by charges and countercharges of perjury and false swearing, to prolong their litigation indefinitely. The proceeding in this cause was simply a retrial of the issues in the former trial."

The same doctrine appears in McBride v. Cowan, 90 Okla. 130, 216 P. 903. The syllabus is as follows:

"1. As a general rule a judgment will not be vacated for perjury by other witnesses than the plaintiff, nor for perjury of the plaintiff in other instances than default of intrinsic issues, nor in such cases by parol testimony alone.

"2. A judgment will not be vacated upon parol testimony alone, even in default cases where the judgment is alleged to have been obtained through perjury of plaintiff upon intrinsic issues, but in such cases the alleged perjury must be clearly and conclusively established by actual physical facts which render the question of perjury unmistakable.

"3. Where an action is brought under the statute, to set aside a judgment for fraud consisting of perjury of plaintiff on an intrinsic issue, and the purpose of the action is merely to set aside the judgment and obtain a new trial, such matter is addressed to an extent to the sound discretion of the court."

A long line of decisions supports this view. We accordingly hold that the demurrer to the petition should have been sustained, and that it failed to state facts sufficient to warrant the court in setting aside the order granting a new trial, under which the plaintiff was able to dismiss the case without prejudice to bringing another action.

The case is accordingly reversed, with directions to the lower court to annul its orders setting aside the order of dismissal and its order setting aside the order granting a new trial, and to proceed in accordance with the views here expressed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., and ANDREWS, J., absent.