**PARK v. CONTINENTAL OIL CO. et al.**

No. 28223.   Jan. 24, 1939.

Rehearing Denied Feb. 21, 1939.

John W. Tyree and Fullerton & Fullerton, for plaintiff in error.

A. L. Hull and J. H. Cline, for defendants in error.

DANNER, J. Plaintiff in error filed her action in the district court of Comanche county in cause No. 12046 against Continental Oil Company, a Delaware corporation, and D. J. Moran, W. W. Bruce, and Walter Miller, trustees of the Marland Refining Company, a dissolved domestic corporation, for damages for the alleged wrongful, unlawful, and malicious prosecution of a civil action. To the petition, as amended, the defendants, trustees, filed their plea in abatement, which was sustained by the court on the 16th day of November, 1936. On the same date, and on the same hearing, the court sustained the motion of the defendant Continental Oil Company for judgment on the pleadings on the ground that plaintiff's petition, as amended, affirmatively showed upon its face that her alleged cause of action against the movant was barred by limitation. On a further hearing had on December 22, 1936, the court dismissed plaintiff's action, at her cost, as to all the defendants. Proper exceptions to the ruling was allowed the plaintiff, who, thereupon, in open court, gave notice of her intention to appeal to this court.

The appeal, however, was not perfected, and on the 29th day of December, 1936, the plaintiff filed in the same cause her petition to vacate and annul the judgment entered on the 22d day of December, 1936, alleging that fraud was practiced by the defendants in obtaining the judgment; also irregularity in obtaining the judgment; and unavoidable casualty and misfortune occurring on the trial which prevented the plaintiff from prosecuting her action. The plaintiff appeals from a judgment of the trial court sustaining defendants' demurrers to the petition to set aside the judgment entered in cause No. 12046.

Among the allegations in the petition to vacate the judgment, it is alleged:

"Petitioner states that the fraud of which she complains was at all times herein mentioned extrinsic to the issues before the court and was practiced directly upon the court as well as upon this plaintiff, and that this plaintiff was in a position to make absolute proof of such fraud upon trial of her cause of action before a jury had she not been deprived of her statutory right to have questions of fact tried to a jury by the judgment and order of the court dismissing her petition herein on the application of the defendants while practicing deceit upon the court. She says that the nature of the fraud so practiced upon the court and this plaintiff and upon the law of this state is evidenced by a certain written instrument, unlawfully entered into by and between the parties thereto, a copy of which is hereto attached, marked 'Exhibit B' and made a part hereof. She further says that the procedural law of this state requires an action to be brought in the name of the party in interest and that the basic corporation law of this state requires the adoption and use of a distinctive name at all times and that the defendants should not be allowed to take advantage of their own wrong and deceit by the unlawful agreement evidenced by Exhibit B aforesaid.

"Petitioner states that the question of fraud was sufficiently raised by her petition in this cause, which said petition is hereby referred to and by reference made a part hereof, and says that the question of fraud is always a question of fact for the jury and should have been submitted to a jury.

"As further ground for setting aside the judgment and order of the court made herein petitioner states that the issues in the cause had been made up upon the overruling on July 26, 1935, of the defendants' demurrer to plaintiff's petition as amended; that the cause had been set for trial before a jury by order of the court; that under the issues presented by the pleadings there were issues of fact which entitled the plaintiff to a trial by jury; that the plea in abatement of the defendants D. J. Moran, W. W. Bruce and Walter Miller as the last board of directors of the Marland Refining Company, dissolved, was, in legal effect, no more than a general demurrer formerly overruled by the court, and that the sustaining of the same was a material irregularity which deprived her of a substantial right granted by statute.

"She further says that in sustaining the affirmative defense of the statute of limitations plead by the defendant, Continental Oil Company, without having the facts tried to a jury, the court deprived plaintiff of a substantial right granted by statute. She says that she was in a position to prove in rebuttal of such affirmative defense that the defendant Continental Oil Company continued to wrongfully claim an interest in her real estate and to cloud her titles and interfere with her business up to the time subsequent to the filing of her petition in this cause as definitely appears by its answer

filed in cause No. 12179 then pending in this court a copy of which said answer and claim is hereto attached marked 'Exhibit C' and made a part hereof, and that after making such proof she was entitled under the law to have the court instruct the jury to the effect that such defendant should and could not have the benefit of the statute of limitations as an affirmative defense while wrongfully claiming an interest in her property."

Exhibit "B," referred to in the petition to vacate and the basis of the alleged fraud, is a written contract for the sale of the assets and property of the Marland Refining Company to the Continental Oil Company executed July 1, 1929, and placed on record in Kay county on November 28, 1931, following the dissolution of the Marland Refining Company in the district court of Kay county on June 23, 1931. That part of the contract of sale material herein is as follows:

"That Marland Refining Company, a corporation of Oklahoma, pursuant to resolutions of its stockholders and directors for a valuable consideration, the receipt whereof is hereby acknowledged, and of the covenant of assumption by the grantee contained herein does hereby grant, bargain, sell, convey, assign and set over to Continental Oil Company, a corporation of Delaware, * * * all of the property and assets of the grantor, of whatsoever nature or description and wheresoever situated, including established business and good will, **and the right to the use of the name Marland Refining Company,** together with any and all property which the grantor may hereafter acquire or which may accrue to the grantor, except only the money or other consideration received by the grantor for this conveyance. * * *

"By the acceptance hereof the grantee assumes and agrees to pay when due all of the debts and outstanding liabilities of the grantor, subject to any defenses which the grantor could make against claims asserted or to be asserted."

First, it is important to determine whether the alleged fraud of which the plaintiff complains is extraneous to the issues tried and determined in the judgment in cause No. 12046. In that case, in the amendment to the petition, it is alleged:

"Plaintiff states that at the time the action complained of was commenced and maintained as aforesaid the defendants and each of them, and their attorneys and agents, knew that the Marland Refining Company was owned and controlled by the Continental Oil Company; that its assets had been largely taken over by the Continental Oil Company and that the Continental Oil Company would benefit by whatever profit or gain which might have been obtained through the prosecution of said action.

"That the defendants, W. W. Bruce, D. J. Moran, Walter Miller and Continental Oil Company, being desirous of obtaining the dissolution of the Marland Refining Company, filed a petition in the district court of Kay county, Oklahoma, asking for the dissolution of the Marland Refining Company, and did on the 23rd day of June, 1931, obtain the dissolution of the Marland Refining Company; that at the time of the dissolution of the Marland Refining Company as aforesaid, there was pending a cross-petition in the action complained of, in which cross-petition this plaintiff set out the same state of facts that she relies upon in this action; that the district court of Kay county was not informed of the pendency of this plaintiff's cross-petition in the action complained of and this plaintiff was not informed of the dissolution proceedings pending in the district court of Kay county; that the defendants, their agents and attorneys, for the purpose of depriving this plaintiff of her remedy against the defendants herein, wrongfully concealed the dissolution of the Marland Refining Company from this plaintiff and her attorneys at the time of the dissolution of said corporation in an attempt to prevent this plaintiff from discovering that the defendants and each of them and their agents and attorneys were the real and actual instigators and prosecutors of the malicious prosecution of the action complained of, until such time as the statute of limitations should have barred this plaintiff from bringing an action against the defendants herein, by wrongfully neglecting and failing to inform the court, this plaintiff or her attorneys of the dissolution of the Marland Refining Company, by continuing to maintain and prosecute said action complained of in the name of the Marland Refining Company, although the defendants and each of them knew that the Marland Refining Company was dissolved. That the plaintiff, and her attorneys, having no actual knowledge of the dissolution of the Marland Refining Company, and being misled by the continuance of the defendants to maintain the said action complained of in the name of the Marland Refining Company, were prevented from discovering that the Marland Refining Company had been dissolved and that the defendants and each of them were the real parties in interest and responsible for the prosecution of the action complained of and the defense of this plaintiff's cross-petition, by the wrongful and intentional act of the defendants in failing and refusing to reveal to this plaintiff facts, which, if known to this plaintiff, would have given this plaintiff opportunity to have commenced her action against the defendants herein within the time allowed by the statute of limitations, and this plaintiff, her cross-petition having been dismissed by the court upon motion of these defendants with permission that she might bring her action in a separate case, brought a separate case against the Marland Refining Company, basing her action upon the same facts alleged in her cross-petition and upon the same facts alleged

herein. That the separate action commenced by this plaintiff was cause No. 11414 in the district court of Comanche county, Oklahoma, titled M. F. Park, Plaintiff vs. The Marland Refining Company, defendant and was commenced on the 12th day of October, 1932."

It appears from the transcript of the record that every material issue presented in the petition to set aside the judgment had been tried and determined in the judgment sought to be vacated. In this situation the general rule is stated in the body of the opinion in O'Brien et al. v. Van Arsdale-Osborne Brokerage Co., 80 Okla. 174, 194 P. 1083, to be as follows:

"The doctrine is well settled that fraud, to be sufficient to vitiate a judgment, must be extrinsic to the issues tried and determined in the judgment sought to be vitiated. Pico v. Cohn (Cal.) 25 Am. St. Rep. 159, 25 P. 970; United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; Scott v. Abraham, 60 Okla. 10, 159 P. 270; Bleakley v. Barclay, 75 Kan. 470, 89 P. 906; Cummings v. Mc-Dermid, 4 Okla. 272-3, 44 P. 276; Estes v. Timmons, 12 Okla. 537, 73 P. 303; and also McIntosh v. Holtgrave, 79 Okla. 63, 191 P. 739-40, wherein this court, though holding that a judgment may be set aside for fraud, if extrinsic to the issues, yet expressly recognized the doctrine that such fraud must be extrinsic to the issues tried and determined in the judgment attacked."

See, also, Stout v. Derr et al., 171 Okla. 132, 42 P.2d 136; Webster v. Oklahoma Railway Co., 168 Okla. 306, 32 P.2d 945.

In part, the judgment in No. 12046 provides:

"This cause came on to be heard this 16th day of November, 1936, pursuant to regular assignments for trial. * * * Plaintiff announces ready for trial, and the defendants D. J. Moran, W. W. Bruce and Walter Miller, as trustees of the Marland Refining Company, dissolved, announced ready for trial only upon the issues made in their answer in so far as the alleged abatement of plaintiff's cause of action was involved; and it having been stipulated in open court by plaintiff's attorneys that the copies of defendants' exhibits 'A' to 'E,' inclusive, might be considered by the court as true copies of the original documents, respectively, and copies of the same having been introduced in evidence by the defendants in support of their plea in abatement, and there being no other evidence or testimony offered or submitted by either party on the said issue, after listening to the argument of counsel, the court proceeds to the consideration of the same; and the court being fully advised upon consideration finds that the said defendants' plea in abatement has been sustained and that said defendants are entitled to judgment accordingly.

"Thereupon the defendant Continental Oil Company in open court moved the court for judgment in its favor on the pleadings on the ground that the petition of plaintiff and the amendments thereto, affirmatively show upon the face thereof that plaintiff's alleged cause of action against the said Continental Oil Company is barred by the statute of limitations in such case made and provided. The court being fully advised, upon consideration finds that any cause of action which plaintiff had against the said Continental Oil Company is barred by the statute of limitations in such case made and provided and that said Continental Oil Company is entitled to judgment accordingly. To all of which the plaintiff there and then objected and excepted and exceptions were by the court allowed."

Obviously, there was thus presented a question of law which the court had the right to determine before entering upon the trial upon the merits. Section 347, O. S. 1931, 12 Okla. St. Ann. sec. 553; section 349, O. S. 1931, 12 Okla. St. Ann. sec. 555.

As stated in the judgment, the parties, by stipulation, made available to the court a question of law for its determination. In the syllabus in Bruner v. Burch, Adm'r, 179 Okla. 338, 65 P.2d 1215, we held:

"While the issues in a case are as a general rule confined to the pleadings, the parties by consent may either narrow or enlarge the issues made by the pleadings, and having done so, they are bound thereby."

In the body of the opinion in Stout v. Derr et al., supra, we said:

"Demurrers to said petition to vacate having been sustained, the sole question for this court to review is whether or not the trial court erred in sustaining such demurrers and rendering judgment. There is no doubt that the trial court had authority to sustain demurrers to the petition, if the petition did not state facts sufficient to warrant the court in vacating the judgment sought to be vacated. Burton v. Swanson, 142 Okla. 134, 285 P. 839; Dardenne v. Daniels et al., 101 Okla. 201, 225 P. 152. In the last-cited case this court held as follows:

" 'Proceedings by petition under section 810, Compiled Oklahoma Statutes 1921 (sec. 556, O. S. 1931), to set aside a judgment for fraud practiced by the successful party in obtaining such judgment constitutes a "civil action" and not a mere "special proceeding," and, when otherwise applicable and sufficient it comes within the third ground of demurrer set out in section 268, Compiled Oklahoma Statutes 1921, as another action pending.'

"And in the opinion in the case of Burton v. Swanson, supra, it was held:

" 'There can be no question * * * but that the trial court had authority to sustain a demurrer to this petition, if the petition did

not state facts sufficient to warrant the court in vacating the judgment sought to be vacated'."

The judgment is affirmed.

BAYLESS, C. J., and CORN, GIBSON, and HURST, JJ., concur.