HILL v. COLE, Ex'r.

No. 30921. Jan. 19, 1943.

Rehearing Denied May 18, 1943.

137 P. 2d 579.

C. B. McCrory, of Okmulgee, and A. F. Moss, of Tulsa, for plaintiff in error.

A. N. Boatman and Q. D. Gibbs, both of Okmulgee, for defendant in error.

WELCH, J. This district court action is one to recover for personal injuries. The defendant answered setting up a judgment rendered in the superior court of Okmulgee county as res judicata to the present action. Copy of the prior judgment was attached which appears regular on its face.

Plaintiff replied in detail, setting out facts which it is claimed renders the judgment void on jurisdictional grounds. Upon trial the defendant objected to the introduction of any evidence upon the ground that plaintiff was barred and estopped by the former judgment. The trial court sustained the objection and dismissed the suit.

In this appeal plaintiff points out that res judicata is defensive matter, and that such defense cannot be tried out upon a motion to dismiss after the issues are joined and a question of fact is raised by the pleadings. Wade v. Hope et al., 89 Okla. 64, 213 P. 549, and other cases to the same effect are cited. Plaintiff quotes the following as the question here presented:

"Is a trial court, after the issues are formed, authorized to consider the merits of an alleged defense, of res judicata, upon a motion, and thereupon dismiss a plaintiff's case?"

She relies strongly upon St. Louis-S. F. Ry. Co. v. Bayne, 170 Okla. 542, 40 P. 2d 1104, to the effect that when an issue of fact is made by the pleadings upon a plea of res judicata, the jurisdiction of the court rendering the judgment relied upon may be inquired into by every other court wherein such issue is made.

Defendant distinguishes the present case, in that he asserts the pleadings herein do not raise an issue of fact as to the jurisdiction of the court rendering the prior judgment, but raise only an issue of law to be determined by the trial court. The record before us contains only the pleadings, and from an examination of them we fail to find any issue of fact as relates to the jurisdiction of the court which rendered the judgment. The cited cases therefore do not apply.

The question, then, is whether the prior judgment is void for jurisdictional defects. As to such judgment the pleadings reflect the following: Prior to this suit this plaintiff sued this defendant on this cause of action in the superior court of Okmulgee county, such suit having been filed in the office of the court clerk at Henryetta. At the same time and place and in the same court, a similar suit was filed against this same defendant on behalf of this plaintiff's sister. Both actions sought damages for injuries alleged to have been sustained in this same automobile accident. Both plaintiffs in those cases were represented by the same attorneys. (Others than the present attorneys.)

Plaintiff's sister's case was transferred from the Henryetta division of the superior court to the Okmulgee division of the court, and the parties and attorneys appeared at the latter place for trial. This plaintiff accompanied her sister and was present at all times mentioned on that occasion. There the parties agreed to settlement of both cases. Judgment was then and there rendered in both cases, written releases of same were executed and filed, and checks in full payment were given and cashed. No further action of the superior court in connection with the judgment in favor of this plaintiff has been taken.

It is plaintiff's theory that as the former cause was pending in the Henryetta division of the superior court, the court was without jurisdiction to proceed in the cause in the Okmulgee division and during the term provided by statute for the Okmulgee division. Chapter 131, S. L. 1917, established the superior court of Okmulgee county and specifies the time and places of meeting. Plaintiff cites Ex parte Gardner (Nev.) 39 P. 570; American Fire Insurance Co. v. Pappe, 4 Okla. 110, 43 P. 1085; Dunn v. Carrier, 40 Okla. 214, 135 P. 337, and others of similar import. Those cases are authority for the rule that court business must be had by the organized body constituting the court and at the time and place specified by law and in the court wherein the cause is pending.

We observe no violation of those rules and legal principles under the present facts. The legislation creating the superior court of Okmulgee county, supra, does not create two courts. It creates one court and prescribes terms for that court to be held at two points within

the territorial limits of that court's jurisdiction. Venue of actions are not confined to any territorial limits except the whole county. Such statutory provisions do not create two courts as in the case of district courts, each of which is a separate court with territorial limits confined to each county of the state, though the political territorial lines of the judicial district may encompass a greater area. Ex parte Gardner, supra; In re Patzwald, 5 Okla. 789, 50 P. 139.

We do not have here a case where judicial proceedings were had outside of the territorial jurisdiction of the court wherein the action was pending and at a time and place other than specified by the law for transacting court matters. Rather, we have a judgment rendered by the superior court of Okmulgee county while sitting as a court at one of the places specified by statute for holding such court and during a statutory term provided for that place. All parties and their respective attorneys were present. The only complaint which might be made would be in reference to the regularity of the proceedings as relates to the transfer of the cause from one division to another division of the same court, and as to whether the facts here reveal or constitute a transfer, and whether the rights of the parties were prejudicially affected by such procedure. Such questions, under the facts here, do not go to the jurisdiction of the court to render the judgment relied upon. See 21 C. J. S., Courts, § 137, for a general discussion of rules, some of which we herein apply. See particularly cases cited under notes 47 and 48.

The pleadings reflect a great number of allegations which might constitute fraud in the procurement of the judgment and the release of same. That does not go to the jurisdiction and cannot avail plaintiff in this collateral attack upon the judgment. The fraud so referred to goes to alleged conduct of her then attorneys and attorneys for defendant in misrepresenting certain facts and the law as to her rights.

"Nevertheless it must be borne in mind that so far as the parties and their privies are concerned, a domestic judgment cannot be collaterally impeached for fraud not going to the jurisdiction, but relief on this ground must be obtained in some direct proceeding by motion or suit in equity. . . ." Freeman on Judgments, page 1546, para. 731.

The action taken by the trial court is affirmed.

CORN, C.J., and RILEY, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., and BAYLESS, J., dissent. OSBORN and HURST, JJ., absent.

_____

GIBSON, V.C.J. (dissenting). I am of the opinion that if the pleadings are sufficient to raise an issue of fact as to former adjudication, the cause may not be disposed of on objection to the introduction of any evidence. If issues of fact have been joined, the defense of res judicata cannot be heard on motion to dismiss. Objection to the introduction of evidence would be governed by the same rule.

In Wade v. Hope & Killingsworth, 89 Okla. 64, 213 P. 549, when considering the propriety of hearing the defense of res judicata on motion to dismiss, the court said:

"In regard to the appeal in the instant case, it is sufficient to say: That the plea of res adjudicata is a defensive matter and must be pleaded and proved the same as any other defense, and cannot be tried upon a motion to dismiss after the issues are framed and a question of fact is presented for determination on said issue. (sic) That the trial court in this proceeding erred in attempting to try the facts in the case upon a motion to dismiss and thereby determine whether the plea of res adjudicata was applicable."

The rule was there stated as follows:

"The plea of res adjudicata is a defensive matter and must be pleaded and proved the same as any other defense, and it is error to hear this defense upon a motion to dismiss, after the issues are joined and a question of fact

is raised by the pleadings, upon said plea of res adjudicata."

Many expressions have been made by the courts concerning the exact function of an objection to the introduction of any evidence. It seems that in the absence of a previous demurrer to the particular pleading, such an objection as a challenge to the sufficiency thereof will demand a somewhat different construction of the allegations of the pleadings from that accorded under a like objection where, as here, a demurrer has been interposed and overruled. Bronough v. Jones, 173 Okla. 386, 49 P. 2d 715; Breshears v. Wright, 180 Okla. 553, 71 P. 2d 455.

Where general demurrer to a pleading has been overruled, an objection to the introduction of any evidence under the particular pleading is equivalent to a demurrer. Schmeusser v. Schmeusser, 181 Okla. 18, 72 P. 2d 378.

It is true that the burden is upon the party relying on former adjudication to plead and prove the same. But where, as in this case, the answer is sufficient in its allegations of res judicata, if the reply fails to place in issue at least one of the essential elements of res judicata, it is demurrable. The essential elements of such a plea are stated in Howe v. Farmers & Merchants Bank, 129 Okla. 232, 264 P. 210, as follows:

"To constitute a good plea of res adjudicata, there must be the same parties, the same subject-matter, the same issues relating to the same subject-matter, and the capacity of the parties must be the same as to the subject-matter and the issues, and the burden of establishing these facts rests upon the party who alleges a former adjudication."

In proving such allegations the defendant sustains the burden placed on him; he thereby establishes a prima facie defense.

Here, the plaintiff admitted all the essential elements of res judicata necessary to a prima facie defense, but sought to avoid the judgment for want of jurisdiction in the court from the standpoint of venue, and to impeach the same on equitable grounds for fraud. The court rendering the judgment is presumed to have had jurisdiction; and fraud is never presumed. If the reply was sufficient in its allegation of want of jurisdiction, or sufficient in its allegations of fraud to constitute a direct attack in equity, then the trial court erred in sustaining the objection to the introduction of any evidence under said reply, and in dismissing the cause.

It appears that the former action was filed in the Henryetta division of the superior court of Okmulgee county, and, without formal transfer of the cause, the judgment was rendered by the court while in session in the city of Okmulgee during a term legally set for that city. The judgment was an agreed one, based on compromise, with all parties agreeing to the procedure. The personnel of the court was the same in both divisions.

In support of the contention that the court was without power to render the former judgment in the above circumstances, plaintiff cites American Fire Ins. Co. v. Pappe, 4 Okla. 110, 43 P. 1085; Dunn v. Carrier, 40 Okla. 214, 135 P. 337, and certain authorities from other jurisdictions.

The general rule as recognized in the cited cases is that even by agreement the parties cannot confer jurisdiction on a court to hear and determine a cause pending in another jurisdiction, although the judge may be the duly constituted judicial officer of both jurisdictions.

But in the former action here under consideration the judgment was rendered by the court in the territorial jurisdiction wherein the action was filed. The statute creating the superior court of Okmulgee county created but one court with authority to hold terms at separate places in the same jurisdiction. The situation is unlike that of the district court judicial district where each of the counties thereof is a separate venue, with the judge of the district presiding over the court.

No reason exists why litigants by agreement may not submit their cause to the court at any one of several places designated by law for holding such court in the same jurisdiction, regardless of which of the designated places the action may have been filed. As to this question I agree with the majority opinion.

The remaining question to be considered is the sufficiency of the allegations of fraud.

The purpose of this charge was to impeach the former judgment for fraud and collusion allegedly practiced by plaintiff's own counsel and counsel for defendant in procuring the agreed judgment.

A judgment may be vacated in equity for fraud extraneous to the issues resulting in imposition on the court and preventing the complaining party from having his interests presented and judicially considered and determined. Park v. Continental Oil Co., 184 Okla. 314, 87 P. 2d 324. The rule is there stated as follows:

"The fraud which vitiates a judgment and which will authorize a court of equity, in an attack thereon, to vacate it, is fraud extraneous to the record by which the court was imposed upon in the proceeding, and by which the complaining party was prevented from having his interest fairly presented and considered by the court."

The fraud complained of consisted of certain alleged false statements made to plaintiff by her own counsel, and concurred in by defendant's counsel, designed to overreach her and to persuade her against her expressed will to agree to the judgment which, it is alleged, was wholly inadequate. It was charged that plaintiff's counsel, who were personally interested by reason of their contingent fee lien, informed plaintiff that any judgment that might later be obtained against defendant on trial of the cause could never be collected for certain specified reasons, and that if she expected to obtain anything at all on her claim, she should accept defendant's offer; that said statements were false, and known by her own and defendant's counsel to be false. There were other similar allegations, all challenging the good faith of counsel aforesaid.

The foregoing allegations were sufficient in equity to constitute the type of fraud that will vitiate a judgment. If the allegations represented the true facts, plaintiff was fraudulently prevented from presenting her cause for judicial consideration and determination. Such collusion as here charged would go to the very foundation of the judgment. A fiduciary relationship existed between plaintiff and her attorneys. According to her allegations, that relationship was violated pursuant to a plan to deprive her of her legal rights, and that the defendant's attorneys were in accord therewith. Equity affords relief against judgments rendered under such circumstances. 34 C. J. 474, § 742.

Plaintiff has tendered to defendant the amount paid out under the judgment, and now seeks to avoid same so that she may properly present her cause. She is entitled to an opportunity to establish her allegations of fraud.

For these reasons, I respectfully dissent.