HILL v. COLE, Ex'r.

No. 31719. March 27, 1945.

157 P. 2d 165.

C. B. McCrory, of Okmulgee, for plaintiff in error.

Q. D. Gibbs and Steel & Boatman, all of Okmulgee, for defendant in error.

CORN, J. This is an appeal by the plaintiff from an order and judgment of the superior court of Okmulgee county dismissing petition of plaintiff to vacate a former judgment of said court on the ground of extrinsic fraud.

A brief history of the litigation is deemed necessary to a proper understanding of the issues involved in this appeal:

On December 14, 1939, the plaintiff filed an action in the Henryetta division of the superior court of Okmulgee county, in cause No. 5245, against Katie Fixico for recovery of damages for personal injuries resulting from an automobile accident, which was alleged to have been caused by the negligence of the defendant, the plaintiff praying judgment in the aggregate sum of $21,000.

The defendant died February 17, 1940, and John T. Cole, executor of her estate, was substituted as defendant by order of the court on April 22, 1940.

On January 23, 1941, while said court was in regular session at Okmulgee in the Okmulgee division of said court, the parties appeared in person and by their respective attorneys of record and presented to the court a stipulated settlement between the parties, wherein the damages were fixed and settled at the 'sum of $1,750; and upon a hearing of the matter the court rendered judgment accordingly. The judgment was paid in full and released and satisfied.

Thereafter, the same plaintiff employed other counsel, and, ignoring the final judgment theretofore rendered and settled as aforesaid, filed another action, upon the same subject matter in the district court of said county, on March 1, 1941, in cause No. 22049. The defendant joined the issue in that case by pleading the superior court judgment as res judicata. By way of reply the plaintiff challenged the validity of the judgment upon jurisdictional grounds and upon grounds of fraud alleged to have been practiced by her attorneys upon her in the procurement of the settlement upon which the judgment was based. At the trial of said cause the defendant objected to the introduction of any evidence upon the ground that the plaintiff was barred and estopped by the former judgment. The trial court sustained the objection and dismissed the suit, and the plaintiff appealed from that judgment to this court.

That appeal presented only a question of law pertaining to the jurisdiction of the superior court to render the judgment relied upon in the plea of res judicata, and it appearing from the record that the irregularity, if any, complained of in obtaining the judgment did not go to the jurisdiction of the court to render it, so we held that it could not be collaterally impeached in the manner there sought, for fraud not going to the jurisdiction, and therefore, we affirmed the judgment of the district court dismissing the case. Hill v. Cole, Ex'r, 192 Okla. 476, 137 P. 2d 579.

The plaintiff then filed a petition in the same case in the superior court to set aside the judgment on account of fraud, and the court denied and dismissed the same upon the ground that the subject matter had been adjudicated by the above decision of this court. From that order and judgment of the superior court the plaintiff appealed and wants us to determine whether we held in the above cited decision that the superior court judgment could or could not be directly attacked. That is the only question presented by this appeal.

Our former decision goes no further than to hold that the original superior court judgment was not subject to the collateral impeachment there sought to be presented in the new action for the same damages in the district court. That decision is not determinative of any issue which might arise upon a direct attack or effort at direct attack. It neither inhibits nor aids any direct attack upon the superior court judgment.

The trial court here was in error in holding that our former decision adjudicated the issues here presented. It is not urged in this appeal that plaintiff's present efforts constitute a collateral attack, and we do not now pass upon any question other than as above shown.

The judgment of the superior court dismissing plaintiff's petition to set aside the judgment is reversed, and the cause remanded, with directions that further proceedings may be had therein consistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur.